EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re: <br><br> Mark E. Ortiz Walter | 2016 TSPR 26 <br><br> 194 DPR ____ |

Número del Caso: TS-15429


Fecha: 12 de febrero de 2016


Oficina de Inspección de Notarías:

      Lcdo. Manuel Ávila de Jesús
      Director


Materia: Conducta Profesional – La suspensión será efectiva el 16 de febrero de 2016, fecha en que se le notificó por correo al abogado de su suspensión inmediata.


Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Mark E. Ortiz Walter

TS-15429

*PER CURIAM*

San Juan, Puerto Rico, a 12 de febrero de 2016.

En el día de hoy, nuevamente nos encontramos en la necesidad de ejercer nuestra facultad disciplinaria contra un miembro de la profesión legal por su incumplimiento con las órdenes de este Tribunal así como con los requerimientos de la Oficina de Inspección de Notarías (ODIN). A pesar de las numerosas oportunidades concedidas al letrado de epígrafe, nos vemos en la obligación de imponer la más severa de las sanciones por una conducta que es temeraria y constituye un desafío a nuestra autoridad. Veamos los antecedentes fácticos que sostienen nuestro dictamen.

I

El Lcdo. Mark E. Ortiz Walter (licenciado Ortiz Walter), fue admitido al ejercicio de la abogacía y de la notaría el 16 de febrero de 2005 y el 25 de enero de 2006, respectivamente.

Surge del expediente que el 5 de febrero de 2010 el Colegio de Abogados de Puerto Rico presentó ante este Foro una Moción Informativa indicándonos que el licenciado Ortiz Walter tenía al descubierto el pago de su fianza notarial. Se nos informó que dicha fianza notarial había vencido en enero de 2009. En consecuencia, el Colegio de Abogados peticionó que se cancelará la fianza prestada por el licenciado Ortiz Walter. Así las cosas, el 8 de marzo de 2010 emitimos una Resolución donde le ordenamos que mostrara causa por la cual no debía ser suspendido del ejercicio de la notaría. Además, le apercibimos que su incumplimiento podría conllevar la suspensión del ejercicio de la notaría y sanciones disciplinarias adicionales. Luego de varios trámites el licenciado Ortiz Walter pagó la deuda señalada. En consecuencia, emitimos una Resolución archivando el asunto, no sin antes apercibirlo de que debía cumplir estrictamente con la Ley Notarial de 1987.

Así las cosas, el 24 de septiembre de 2015 el Director de la ODIN nos remitió un *Informe Especial sobre Incumplimiento de la Ley Notarial [de] Puerto Rico y su Reglamento y en Solicitud de Remedios.* En dicho Informe, el Director de la ODIN nos informó que le había remitido a las

dos (2) direcciones que obraban en el Registro Único de Abogados una misiva [1] informándole al licenciado Ortiz Walter que adeudaba ciertos Índices de Actividad Notarial Mensual.[2] A su vez, se le señaló que no había presentado los Informes Estadísticos de Actividad Notarial para los años naturales 2008 al 2014, inclusive. En el escrito se orientó al licenciado Ortiz Walter sobre el derecho aplicable y se le advirtió sobre la gravedad de la conducta desplegada así como las consecuencias disciplinarias que acarreaba tal incumplimiento.[3] La ODIN le concedió un término final para rendir los documentos adeudados advirtiéndole al licenciado Ortiz Walter que su incumplimiento conllevaría la presentación a este Tribunal del Informe correspondiente. Ambas comunicaciones fueron devueltas por el servicio de correo federal.

El 31 de agosto de 2015, la ODIN le remitió nuevamente una comunicación al licenciado Ortiz Walter tanto a las direcciones que obran en el Registro Único de Abogados, así como a la dirección del correo electrónico que surge del sistema. Se le concedió un término final e improrrogable

---

[1] La carta se remitió por correo certificado con acuse de recibo.

[2] Los Índices de Actividad Notarial adeudados corresponden a los meses de septiembre a diciembre de 2008, enero a diciembre de 2009, enero a diciembre de 2010, enero a diciembre de 2011, enero a diciembre de 2012, enero a diciembre de 2013, enero a diciembre de 2014, y enero a junio de 2015.

[3] Este Tribunal ha reiterado que el incumplimiento de los notarios con la obligación de rendir los Índices e Informes notariales dentro del término provisto en ley constituye una falta grave a los deberes que le impone al notario por la designación de este como custodio de la fe pública notarial. Por lo tanto, esa conducta debe acarrear sanciones disciplinarias severas. *In re Santiago Ortiz,* 191 DPR 950, 959 (2014).

para que presentara los documentos notariales adeudados.[4] Ambas comunicaciones fueron devueltas por el sistema de correo federal. Cabe apuntar que el expediente del licenciado Ortiz Walter refleja que no cuenta con una fianza notarial desde el año 2011.

Ante lo esbozado la ODIN nos peticionó, entre otros extremos, que suspendiéramos de manera inmediata e indefinida del ejercicio de la notaría al licenciado Ortiz Walter y que ordenáramos la entrega de la obra notarial del licenciado Ortiz Walter y de su sello notarial.

Mientras atendíamos el Informe citado, la ODIN presentó una Moción Informativa. En ella nos señaló que el 2 de octubre de 2015 había recibido una comunicación del señor Elke Vélez, cuya dirección postal era similar a la del licenciado Ortiz Walter. En su comunicación, el señor Vélez señala que el licenciado Ortiz Walter vivía y trabajaba hace siete (7) años en Alemania, lugar a donde fue a cursar estudios académicos para obtener una Maestría en Derecho y Economía. Expuso el señor Vélez que el licenciado Ortiz Walter estaría viajando a Puerto Rico entre enero y febrero de 2016 a fin de "poner sus cosas en orden". Aparte de lo anterior, el señor Vélez no facilitó información adicional del licenciado Ortiz Walter. De esta comunicación este Tribunal se dio por enterado.

Evaluado lo anterior, el 16 de noviembre de 2015 emitimos una Resolución ordenando la incautación preventiva

---

[4] A su vez, se le requirió el Índice Mensual de julio de 2015.

e inmediata de la obra protocolar y el sello notarial del licenciado Ortiz Walter. De igual manera, le ordenamos que mostrara causa por la cual no debía ser suspendido del ejercicio de la abogacía y la notaría en nuestra jurisdicción. En dicha Resolución ordenamos la notificación personal a través de la Oficina de los Alguaciles de este Foro.

Ante lo anterior, el 18 de noviembre de 2015, un Alguacil de este Tribunal contactó a la madre del licenciado Ortiz Walter. Esta le entregó al Alguacil varios protocolos y escrituras notarizadas por el licenciado Ortiz Walter. Surge del Inventario de Instrumentos Públicos preparado por el Alguacil que diligenció la orden que la "…madre del Lic. Mark Ortiz Walter, quedó en comunicarse con su hijo para buscar el sello notarial y entregárnoslo".

Cabe puntualizar que al día de hoy el licenciado Ortiz Walter no ha comparecido ante este Foro ni ha cumplido con los requerimientos de la ODIN.

II

El Canon 9 del Código de Ética Profesional, 4 L.P.R.A. Ap. IX, dispone que todo abogado deberá observar hacia los tribunales una conducta que se caracterice por el mayor respeto y diligencia. La naturaleza de la función de abogado requiere de una escrupulosa atención y obediencia a las órdenes de este Tribunal, particularmente cuando se trata de procedimientos sobre su conducta profesional. *In re Bello Rivera,* res. el 6 de abril de

2015, 192 D.P.R. ___ (2015), 2015 T.S.P.R. 44; *In re Pacheco Pacheco,* res. el 16 de marzo de 2015, 192 D.P.R. ___ (2015), 2015 T.S.P.R. 26.

Además, reiteradamente hemos señalado que desatender las órdenes judiciales constituye un serio agravio a la autoridad de los tribunales e infringe el Canon 9. *In re Bello Rivera*, supra; *In re De Jesús Román,* res. el 27 de marzo de 2015, 192 D.P.R. ___ (2015), 2015 TSPR 33. A su vez, hemos advertido que procede la suspensión del ejercicio de la profesión cuando un abogado no atiende con diligencia nuestros requerimientos y se muestra indiferente ante nuestros apercibimientos de imponerle sanciones disciplinarias. El deber de diligencia y respeto se extiende a los requerimientos de la Oficina de Inspección de Notarías y de la Procuradora General, pues su inobservancia acarrea las mismas sanciones que cuando se desatiende una orden emitida por este Tribunal. *In re Pacheco Pacheco,* supra; *In re Irizarry Irizarry,* 190 D.P.R. 368 (2014).

Aun cuando hemos apercibido al licenciado Ortiz Walter en repetidas ocasiones de que podrían imponérsele sanciones disciplinarias severas de no responder oportunamente a los requerimientos de la ODIN y de este Tribunal, este ha hecho caso omiso. El expediente del licenciado Ortiz Walter refleja un patrón de desidia y desinterés de su parte en cuanto a su responsabilidad como integrante de la clase togada.

III

Por los fundamentos antes expuestos, se suspende inmediata e indefinidamente del ejercicio de la abogacía y la notaría al licenciado Ortiz Walter.

Se le impone el deber de notificar a todos sus clientes de su inhabilidad para continuar representándolos, devolverles cualesquiera honorarios recibidos por trabajos no realizados e informar oportunamente de su suspensión a los foros judiciales y administrativos. Además, tiene la obligación de acreditar ante este Tribunal el cumplimiento con lo anterior, dentro del término de treinta (30) días a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

Se le apercibe que la presente acción disciplinaria no lo exime de tener que corregir, de forma inmediata y a sus expensas, lo señalado por la ODIN y de entregar de manera inmediata su Sello Notarial. Dicha obligación subsiste y su desatención lo expone al correspondiente procedimiento de desacato.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Mark E. Ortiz Walter

TS-15429

SENTENCIA

San Juan, Puerto Rico, a 12 de febrero de 2016.

Por los fundamentos antes expuestos, se suspende inmediata e indefinidamente del ejercicio de la abogacía y la notaría al Lcdo. Mark E. Ortiz Walter.

Se le impone el deber de notificar a todos sus clientes de su inhabilidad para continuar representándolos, devolverles cualesquiera honorarios recibidos por trabajos no realizados e informar oportunamente de su suspensión a los foros judiciales y administrativos. Además, tiene la obligación de acreditar ante este Tribunal el cumplimiento con lo anterior, dentro del término de treinta (30) días a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

Se le apercibe que la presente acción disciplinaria no lo exime de tener que corregir, de forma inmediata y a sus expensas, lo señalado por la ODIN y de entregar de manera inmediata su Sello Notarial. Dicha obligación subsiste y su desatención lo expone al correspondiente procedimiento de desacato.

Lo acordó y manda el Tribunal y certifica la Secretaria del Tribunal Supremo Interina.


Sonnya Isabel Ramos Zeno
Secretaria del Tribunal Supremo Interina