*In re* AIDA MARTHA LEBRÓN ARROYO.

*Número:* TS-4,766          *Resuelto:* 16 de marzo de 2016

*Manuel E. Ávila de Jesús*, director de la Oficina de Inspección de Notarías.

PER CURIAM:

## I

La Lcda. Aida Martha Lebrón Arroyo fue admitida al ejercicio de la abogacía el 20 de mayo de 1975 y al de la notaría el 20 de febrero de 1976.

El 22 de diciembre de 2015, el director de la Oficina de Inspección de Notarías, Lcdo. Manuel E. Ávila de Jesús, compareció a este Tribunal mediante un escrito intitulado *Moción urgente solicitando auxilio del Tribunal para ordenar incautación de obra protocolar y otros remedios*. En este escrito expuso que desde el 2012 la ODIN ha intentado comunicarse infructuosamente con la licenciada Lebrón Arroyo para inspeccionar su obra protocolar. Asimismo, señaló que cuando personal de la ODIN fue a la sede notarial de la licenciada Lebrón Arroyo, ésta les indicó que su obra notarial estaba "regada" en una habitación. Luego, sin embargo, cambió su versión inicial y dijo que ésta no se encontraba en su residencia, sino en la de su hija. Así las cosas, el Director de la ODIN solicitó que

este Tribunal ordenara la incautación inmediata de la obra protocolar y del sello notarial de la licenciada Lebrón Arroyo y que evaluáramos la posibilidad de suspenderla indefinidamente del ejercicio de la notaría. Asimismo, solicitó que le impusiéramos una sanción monetaria a la licenciada al amparo del Artículo 62 de la Ley notarial de Puerto Rico, 4 LPRA sec. 2102.

Acogida la solicitud del Director de la ODIN, el 12 de enero de 2015 este Tribunal, en lo pertinente, emitió una resolución ordenando la incautación inmediata de la obra protocolar y del sello notarial de la licenciada Lebrón Arroyo. Asimismo, le concedió un término improrrogable de diez días para que compareciera y mostrara causa por la cual no debía ser suspendida indefinidamente del ejercicio de la notaría. Conviene destacar, además, que la resolución emitida por este Tribunal se le notificó personalmente a la licenciada Lebrón Arroyo. Vencido el referido término, ésta no ha comparecido ni ha solicitado prórroga alguna para comparecer.

## II

El Canon 9 del Código de Ética Profesional dispone que "[e]l abogado debe observar con los tribunales una conducta que se caracterice por el mayor respeto". 4 LPRA Ap. IX. Véase *In re Fontánez Fontánez*, 181 DPR 407, 416 (2011). Así, los abogados están obligados a prestar atención y obedecer diligentemente las órdenes emitidas por los tribunales. *In re Dávila Toro*, 179 DPR 833, 840 (2010). Por lo tanto, incumplir con las órdenes emitidas por este Tribunal, aun en casos disciplinarios, acarrea la imposición de severas sanciones disciplinarias como, por ejemplo, la suspensión indefinida del ejercicio de la abogacía. Véanse: *In re Aponte Sánchez*, 178 DPR 647, 649 (2010); *In re Meléndez González*, 166 DPR 196, 198–199 (2005). Ello, puesto que "[d]esatender las órdenes dictadas constituye una grave

ofensa a la autoridad del tribunal en clara violación al mandato expreso del Canon 9". *In re Dávila Toro*, supra, pág. 840.

Como se sabe, "la notaría es una función de cuidado que debe ser ejercida con suma diligencia y celo profesional". *In re Fontánez Fontánez*, supra, pág. 418. La ODIN, por su parte, tiene la encomienda de velar por el cumplimiento cabal de las disposiciones de la Ley Notarial de Puerto Rico y su reglamento. De esta manera propende a la vindicación de los intereses públicos que informan la delicada labor del notario. Este Tribunal, por ende, ha sido enfático al señalar que "[l]os abogados tienen la obligación ineludible de responder diligentemente a los requerimientos de este Tribunal, así como a los de [la] O.D.I.N.". *In re Arroyo Rivera*, 182 DPR 732, 736 (2011). Véanse, también: *In re Montalvo Guzmán*, 169 DPR 847 (2007); *In re Rivera Irizarry*, 155 DPR 687 (2001). Por lo tanto, "procede la suspensión indefinida e inmediata de la abogacía y la notaría cuando un notario ignora los requerimientos de la ODIN y este Tribunal". *In re Martínez Romero*, 188 DPR 511, 515 (2013).

### III

En el caso ante nuestra consideración, la licenciada Lebrón Arroyo incumplió flagrantemente el precepto ético que consagra el Canon 9 de ética profesional. Esto al hacer caso omiso de los múltiples requerimientos que le hizo la ODIN para poder inspeccionar su obra protocolar. No cabe duda, pues, que su conducta se apartó de las normas éticas que regulan la profesión legal en nuestra jurisdicción. Asimismo, la licenciada Lebrón Arroyo no compareció dentro del término improrrogable de diez días que le concedió este Tribunal para que mostrara causa por la cual no debía ser suspendida del ejercicio de la notaría. Esto es, que desatendió una orden emitida por este Tribunal. Ello, como se

dijo, es fundamento suficiente para suspender a la letrada de epígrafe del ejercicio de la abogacía. Este Tribunal no tolerará la displicencia ni la indiferencia, máxime cuando conciernen asuntos disciplinarios o relacionados con la importante función notarial.

En vista de lo anterior, *se suspende inmediata e indefinidamente a la licenciada Lebrón Arroyo del ejercicio de la abogacía y la notaría. Se le impone el deber de notificar a todos sus clientes de su inhabilidad para seguir representándolos, devolverles cualquiera honorarios recibidos por trabajos no realizados e informar oportunamente de su suspensión a los distintos foros judiciales y administrativos del País. Además, deberá acreditar a este Tribunal el cumplimiento con lo anterior dentro del término de treinta días a partir de la notificación de esta opinión "per curiam" y sentencia.*

Por último, *se le impone a licenciada Lebrón Arroyo una sanción económica de $500 al amparo del Artículo 62 de la Ley Notarial de Puerto Rico*, supra.

*Se dictará sentencia de conformidad.*