*In re* José Maldonado Giuliani.

*Número:* TS-10,726          *Resuelto:* 2 de junio de 2016

*Manuel E. Ávila de Jesús*, director de la Oficina de Inspección de Notarías.

PER CURIAM: En esta ocasión, nos vemos obligados a separar a un profesional del Derecho del ejercicio de la profesión de la abogacía y la notaría, debido a su reiterada inobservancia con las órdenes de este Tribunal, los requerimientos de la Oficina de Inspección de Notarias (ODIN) y su incumplimiento con la Ley Notarial de Puerto Rico, 4 LPRA sec. 2001 *et seq.*, y el Reglamento Notarial de Puerto Rico, 4 LPRA Ap. XXIV.

I

El Lcdo. José Maldonado Giuliani fue admitido al ejercicio de la profesión de la abogacía el 4 de enero de 1994 y al de la notaría el 7 de febrero de 1994.

El 7 de enero de 2014 el Lcdo. Manuel E. Ávila de Jesús, Director de la ODIN, cursó una comunicación al licenciado Maldonado Giuliani en la que le señaló que adeudaba un total de 75 *índices de actividad notarial mensual* y 10 *informes estadísticos de actividad notarial anual.* A esos efectos, le concedió un término de 10 días para presentar los índices e informes adeudados y expresar las razones tras su reiterado incumplimiento con la Ley Notarial y el Reglamento Notarial.

Transcurrido el término concedido, el licenciado Maldonado Giuliani compareció ante la ODIN y presentó los índices mensuales adeudados. No obstante, omitió entregar los informes estadísticos anuales y expresar las razones que justificaban su incumplimiento.

En consecuencia, el Director de la ODIN le informó al licenciado Maldonado Giuliani, mediante correo electrónico, que al así obrar incumplió con las directrices de la

ODIN. Asimismo, hizo constar que no surgía de los registros de la ODIN que éste hubiese presentado evidencia acreditativa del pago correspondiente a su fianza notarial para los años del 2011 al 2015. Consiguientemente, se le concedió un término, final e improrrogable, hasta el 18 de febrero de 2015, para cumplir con lo requerido. A pesar de ello, el licenciado Maldonado Giuliani optó por desatender, nuevamente, las exigencias de la ODIN.

El 12 de mayo de 2015, la ODIN compareció ante este Foro mediante escrito intitulado *Informe especial.* Tras realizar un recuento de lo anterior, el Director de la ODIN solicitó, entre otras cosas, que se ordenara la suspensión inmediata e indefinida del licenciado Maldonado Giuliani al ejercicio de la notaría.

Examinado dicho *Informe*, el 3 de junio de 2015, notificamos una resolución en la que le concedimos al licenciado Maldonado Giuliani un término de 20 días para que se expresara en torno a éste. Asimismo, se le apercibió que el incumplimiento con dicha orden podría conllevar sanciones severas, incluyendo la suspensión del ejercicio de la abogacía. El licenciado Maldonado Giuliani no compareció.

Posteriormente, la ODIN compareció ante este Tribunal mediante un *Informe sobre incumplimiento en la corrección de deficiencias notificadas.* En éste, el Director de la ODIN nos informó que, el 26 de octubre de 2015, se le notificó al licenciado Maldonado Giuliani un documento intitulado *Informe de inspección del Lcdo. Maldonado Giuliani.* En dicho *Informe de inspección* se le indicó que existían deficiencias en su obra protocolar correspondiente a los años naturales del 2003 al 2009. Por otra parte, se le concedió un término de 15 días para expresarse en torno al mismo y notificar las gestiones realizadas para atender las deficiencias señaladas por la Inspectora de Protocolos y Notarías. El término concedido venció el 11 de noviembre de 2015, sin que el licenciado Maldonado Giuliani compareciese.

A pesar de ello, el Director de la ODIN envió al licenciado Maldonado Giuliani una segunda notificación en la que hizo constar su incumplimiento y le concedió un término final e improrrogable de 15 días para cumplir con lo requerido. En esa ocasión, además, se le apercibió al notario que, de incumplir, sería referido ante este Tribunal. Aun así, el licenciado Maldonado Giuliani hizo caso omiso a la notificación.

Finalmente, el 2 de marzo de 2016 le notificamos personalmente al licenciado Maldonado Giuliani una resolución en la que se le ordenó mostrar causa por la cual no se le debía imponer una sanción de $500 al amparo del Art. 62 de la Ley Notarial, 4 LPRA sec. 2102, por incumplir con los requerimientos de la ODIN. Además, se le concedió un término final e improrrogable de 15 días para subsanar las deficiencias notificadas en el *Informe de inspección.* Por último, se le apercibió, nuevamente, que incumplir con lo ordenado conllevaría sanciones disciplinarias severas, como la suspensión del ejercicio de la abogacía. No obstante, el licenciado Maldonado Giuliani incumplió con lo ordenado.

## II

El ejercicio diligente, responsable y competente de la profesión de la abogacía y la notaría figura como un supuesto fundamental en el quehacer de los profesionales del Derecho. Véase *In re Oyola Torres,* 195 DPR 437 (2016); *In re Toro Imbernón,* 194 DPR 499, 505 (2016); *In re Salas González,* 193 DPR 387 (2015).

En atención a ello, el Canon 9 del Código de Ética Profesional dispone que todo profesional del Derecho "debe observar para con los tribunales una conducta que se caracterice por el mayor respeto". 4 LPRA Ap. IX. Este deber origina, a su vez, "una obligación inexcusable de atender y responder pronta y rigurosamente a nuestras órdenes y

requerimientos [...]". *In re Oyola Torres*, supra, pág. 441. Véase, además, *In re Santiago Rodríguez*, 194 DPR 753, 756 (2016). Evidentemente, esto cobra mayor rigor en el contexto de procedimientos disciplinarios. *In re Ortiz Walter*, 194 DPR 683, 687 (2016).

El incumplimiento con el deber consagrado en el Canon 9 del Código de Ética Profesional acarrea la imposición de sanciones disciplinarias severas, incluyendo la suspensión indefinida del ejercicio de la profesión de la abogacía. *In re Lebrón Arroyo*, 194 DPR 932, 939 (2016); *In re De Jesús Román*, 192 DPR 799 (2015); *In re Martínez Rodríguez*, 192 DPR 539, 542 (2015); *In re Aponte Sánchez*, 178 DPR 647, 649 (2010). Cabe señalar, además, que dicha violación es independiente de los méritos que pueda tener una queja presentada en contra del abogado. *In re Crespo Peña*, 195 DPR 318 (2016).

■ Por otra parte, cabe recordar que, además de los postulados éticos que componen el Código de Ética Profesional, el ejercicio de la notaría también está regulado por la Ley Notarial y el Reglamento Notarial. De esta forma, como custodio de la fe pública, recae en el notario la obligación de ejercer la notaría con diligencia y gran celo profesional. Véanse: *In re Palmer Ramos*, 195 DPR 245, 254 (2016); *In re Fontánez Fontánez*, 181 DPR 407, 418 (2011). Por consiguiente, el incumplimiento con dicho esquema normativo "constituye una conducta reprochable que expone al profesional del Derecho a acciones disciplinarias". *In re Vázquez González*, 194 DPR 688, 694 (2016). Véase, además, *In re López Cordero*, 164 DPR 710, 715–716 (2005).

■ Como parte de su función fiscalizadora, la ODIN se da a la tarea de señalarle al notario su incumplimiento con las disposiciones de la Ley Notarial y el Reglamento Notarial. En atención a ello, todo notario tiene el deber de atender con diligencia los señalamientos que haga la ODIN y le corresponde subsanar aquellas faltas señaladas. Vé-

anse: *In re Vázquez González*, supra; *In re García Aguirre*, 190 DPR 539, 545 (2014); *In re Padilla Santiago*, 190 DPR 535, 538 (2014); *In re Ponce Ponce*, 190 DPR 504 (2014); *In re Martínez Class*, 184 DPR Ap. (2012), Caso Núm. TS-13,474.

Conforme a lo anterior, "los abogados deben responder diligentemente a los requerimientos de la ODIN y del Procurador General, puesto que su inobservancia acarrea el mismo efecto que cuando se desatiende una orden emitida por este Foro". *In re Oyola Torres*, supra, pág. 441; *In re Ortiz Walter*, supra, pág. 694.

■    Por otro lado, reiteradamente este Tribunal ha señalado la importancia de dar cumplimiento a la presentación de *índices de actividad notarial mensual* e *informes estadísticos de actividad notarial anual*, conforme al Art. 12 de la Ley Notarial, 4 LPRA sec. 2023, y la Regla 12 del Reglamento Notarial, 4 LPRA Ap. XXIV. El incumplimiento con estas disposiciones resulta en una conducta irremisible. Así, pues, continuamente nos vemos forzados a ejercer nuestra autoridad disciplinaria contra aquellos notarios que eluden su obligación de presentar dichos índices e informes. Véanse: *In re Ortiz Walter*, supra; *In re Santiago Ortiz*, 191 DPR 950, 959 (2014); *In re Feliciano Lasalle*, 175 DPR 110, 114–115 (2008); *In re Cruz Ramos*, 127 DPR 1005, 1007 (1991).

■    Finalmente, cabe destacar que tener vigente una fianza notarial constituye un requisito fundamental para ejercer la práctica de la notaría. 4 LPRA sec. 2011. En múltiples ocasiones, ha sido necesaria nuestra intervención disciplinaria en casos en los que un notario opera al margen de dicho requisito; ello, pues, éste pone en riesgo el tráfico jurídico y las personas que utilizan sus servicios. Véanse: *In re Martínez Miranda*, 174 DPR 773, 777 (2008); *In re Ribas Dominicci I*, 131 DPR 491, 497 (1992).

■    Reiteramos, sin ambages, que aquellos profesio-

nales del Derecho que no estén dispuestos a cumplir cabalmente con las obligaciones inherentes al notariado, se abstengan de su ejercicio. Véanse: *In re Miranda Casasnovas*, 175 DPR 774, 778–779 (2009); *In re Carrasquillo Martínez*, 173 DPR 798, 801 (2008).

## III

Surge de los hechos que el licenciado Maldonado Giuliani ha demostrado una actitud de patente desidia para con este Tribunal y la ODIN. En primer lugar, éste violentó las disposiciones de la Ley Notarial y el Reglamento Notarial al dejar de presentar los índices e informes correspondientes y no satisfacer los pagos de su fianza notarial. Además, incumplió con los deberes del ejercicio de su ministerio al hacer caso omiso al proceso de subsanación de faltas de su obra protocolar.

A su vez, en la medida que incumplió tanto con las órdenes de este Tribunal, como con los requerimientos de la ODIN, el licenciado Maldonado Giuliani violentó el Canon 9 del Código de Ética Profesional. Dicho proceder pone de manifiesto su patente indiferencia hacia sus obligaciones como abogado y notario.

## IV

Por los fundamentos que anteceden, *se ordena la suspensión inmediata e indefinida de la práctica de la abogacía y la notaría del licenciado Maldonado Giuliani. En caso de que éste se encuentre representando clientes ante nuestros tribunales en la actualidad, se le impone el deber de notificarles sobre su inhabilidad de continuar representándolos, devolver los honorarios por trabajos no realizados e informar inmediatamente de sus respectivas suspensiones a cualquier foro judicial y administrativo en el que tenga casos pendientes. Deberá acreditar a este Tribu-*

*nal el cumplimiento con lo anterior en un término de 30 días contados a partir de la notificación de esta opinión "per curiam" y sentencia.*

*Asimismo, se le ordena al licenciado Maldonado Giuliani a subsanar las deficiencias en su obra notarial, a sus expensas, y a entregar los informes estadísticos de actividad notarial anual que adeuda, en un término —final e improrrogable— de 30 días. Por último, durante el mismo término, debe realizar el pago de una multa de $500 a tenor con el Art. 62 de la Ley Notarial,* supra. *De igual forma, deberá acreditar a este Tribunal el cumplimiento con lo anterior.*

*Finalmente, la Oficina del Alguacil de este Tribunal deberá incautar, de inmediato, la obra protocolar del licenciado Maldonado Giuliani y entregar la misma al Director de la ODIN. Notifíquese personalmente esta opinión "per curiam" y sentencia.*

*Se dictará sentencia de conformidad.*