EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re:  Verónica D. Hernández Torres | 2017 TSPR 189  198 DPR ____ |
|---|---|

Número del Caso: TS-17,418

Fecha:   1 de diciembre de 2017

Abogado del promovido:

    Por derecho propio

Oficina de Inspección de Notarías:

    Lcdo. Manuel Avila De Jesús
    Director

Materia:  Conducta Profesional – La suspensión será efectiva el 8 de diciembre de 2017, fecha en que se le notificó por correo certificado a la abogada de su suspensión inmediata.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re:<br><br>Verónica D. Hernández Torres | TS-17,418 |

PER CURIAM

San Juan, Puerto Rico, a 1 de diciembre de 2017.

Nos corresponde disciplinar a la Lcda. Verónica D. Hernández Torres por incurrir en conducta violatoria de la Ley Notarial de Puerto Rico, Ley Núm. 75 de 2 de julio de 1987, 4 LPRA sec. 2001 *et seq.*, su reglamento y el Canon 9 del Código de Ética Profesional, 4 LPRA Ap. IX, C. 9. Por los fundamentos que expondremos a continuación, ordenamos su suspensión inmediata e indefinida del ejercicio de la abogacía y la notaría. Examinemos el trasfondo fáctico y procesal del caso de epígrafe.

I

La Lcda. Verónica D. Hernández Torres (licenciada Hernández Torres o notaria) fue admitida al ejercicio de la abogacía el 18 de agosto de 2009 y juramentó como notaria el 2 de febrero de 2010.

El 1 de julio de 2015, la Directora Auxiliar de la Oficina de Inspección de Notarías (ODIN) le cursó una citación formal a la licenciada Hernández Torres, en la

cual le notificó que se iniciaría el proceso de inspección de su obra notarial el 7 de agosto de 2015. En respuesta, la abogada remitió una comunicación al Director de la ODIN, con fecha de 6 de julio de 2015, en la que solicitó la reprogramación de la inspección señalada. Particularmente, indicó que estaba residiendo en Monroe County, Nueva York, por lo cual no estaría en Puerto Rico para la fecha de la inspección. Asimismo, señaló que antes de que culminara el año tramitaría su renuncia a la profesión jurídica y haría entrega de su obra notarial para la correspondiente inspección. A base de ello, solicitó que se señalara el proceso para el mes de diciembre de 2015. La ODIN denegó tal solicitud, toda vez que la notaria se ausentó de la jurisdicción de Puerto Rico sin haber designado un notario sustituto para el periodo de tiempo que estaría fuera. Posteriormente, la ODIN autorizó la designación del Lcdo. Manuel Ortiz Lugo (licenciado Ortiz Lugo) como notario sustituto de la licenciada Hernández Torres para el periodo que comprendía desde el 29 de julio de 2015 hasta el 30 de septiembre de 2015.

Así las cosas, el 7 de agosto de 2015, la Lcda. Teresa Trujillo Ortiz, Inspectora de Protocolos y Notarías (Inspectora), comenzó a examinar la obra protocolar autorizada por la licenciada Hernández Torres para los años naturales 2010 al 2014, y culminó el proceso de inspección el 24 de agosto de 2015. Los Informes de

Señalamientos de Deficiencias se le notificaron a la notaria mediante correo electrónico. Asimismo, la Inspectora le notificó a la licenciada Hernández Torres que la inspección final de su obra notarial se había señalado para el 14 de octubre de 2015. La referida inspección fue reseñalada para el 27 de octubre de ese mismo año. No obstante, la notaria no compareció ni se excusó con la Inspectora. Esta última realizó varios intentos para comunicarse con la licenciada Hernández Torres, pero los números telefónicos que obraban en el Registro Único de Abogados y Abogadas (RÚA) estaban fuera de servicio.

Pasados dos días, la notaria se comunicó vía telefónica con la Inspectora y, como producto de ello, el Director de la ODIN autorizó la designación del licenciado Ortiz Lugo como notario sustituto, retroactivo al 1 de octubre de 2015 y con vigencia hasta el 31 de diciembre de ese año. Por otro lado, la licenciada Hernández Torres prestó su consentimiento para que la ODIN tramitara la incautación de su obra notarial y el traslado al Archivo Notarial de San Juan.[1] Asimismo, confirmó que viajaría a Puerto Rico el 1 de enero de 2016, para subsanar las deficiencias señaladas en su obra protocolar y culminar su

---

[1] El 3 de noviembre de 2015, alguaciles de este Tribunal incautaron los tomos formados por la Lcda. Verónica D. Hernández Torres para los años 2010 al 2014, su único tomo del Libro de Registro de Testimonios (asientos 1 al 432), y su sello notarial. El 29 de junio de 2016, el Lcdo. Manuel Ortiz Lugo entregó el tomo correspondiente al año 2015.

proceso de cesación voluntaria de la notaría. Por tanto, la Inspectora separó las fechas del 7 y 8 de enero de 2016 para atender a la licenciada Hernández Torres. No obstante, la notaria nuevamente incumplió y no compareció ni se excusó.

El 15 de abril de 2016, la abogada envió una carta a la Inspectora mediante correo electrónico, fechada de 26 de enero de 2016, pero fue recibida por primera vez ese mismo 15 de abril. En la referida carta, la licenciada Hernández Torres indicó que se encontraba en estado de gestación; que su doctora le había prohibido viajar a Puerto Rico por el brote de Zika, y que no podría viajar a Puerto Rico hasta el mes de julio de 2016. Asimismo, acompañó su comunicación electrónica con documentación médica que, entre otras cosas, detallaba sus citas prenatales entre enero y febrero de 2016.

Ante ello, la Inspectora cursó una comunicación oficial a la notaria, en la cual expuso que la inspección inicial de su obra notarial se llevó a cabo en agosto de 2015, fecha en que no confrontaba problemas de salud, por lo que entendía que tuvo tiempo suficiente para subsanar las deficiencias señaladas. Sin embargo, le concedió un término final de quince (15) días para subsanar las deficiencias arancelarias. De igual forma, le informó que debía contactar a su notario sustituto para que se trabajaran los señalamientos que pudieran ser corregidos por éste. Además, la Inspectora le advirtió que, de

incumplir con lo ordenado, referiría el asunto a este Tribunal.

Ante el incumplimiento de la licenciada Hernández Torres, el 30 de junio de 2016, la Inspectora sometió el correspondiente informe final de deficiencias notariales, a tenor con la Regla 77(K) del Reglamento Notarial. En esa misma fecha, el Director de la ODIN le notificó a la notaria el informe final rendido por la Inspectora. Asimismo, resaltó las deficiencias que subsistían en su obra notarial, correspondiente a los tomos de protocolos de los años 2010 al 2015, inclusive, al igual que en su Libro de Registro de Testimonios. Del mismo modo, le advirtió de la deficiencia arancelaria ascendente a la suma de $6,926. Se le informó de su deber de expresar por escrito su posición con relación al informe final y de fundamentar cualquier objeción dentro de los quince (15) días calendario luego del recibo de la comunicación. También se le requirió que, en ese término, cancelara la deficiencia arancelaria existente.

De otra parte, la ODIN le alertó a la licenciada Hernández Torres de su incumplimiento con lo acordado para completar el proceso de cesación de la notaría y que, aun cuando residía fuera de la jurisdicción de Puerto Rico, no contaba con un notario sustituto. Ello, pues la designación del licenciado Ortiz Lugo había expirado. En ese sentido, se le advirtió que ello constituía una violación al artículo 9 de la Ley Notarial, 4 LPRA sec.

2013, y, en consecuencia, se le solicitó que expresara las razones por las que no se debía referir el asunto a este Tribunal.

Vencido el término concedido por la ODIN, la notaria se comunicó vía correo electrónico. Indicó, entre otras cosas, lo siguiente: (1) que se trasladó a los Estados Unidos en el 2015, por razones de índole personal y económica; (2) que reconocía no haber comparecido a la reinspección de su obra notarial en octubre de 2015, que se le concedió hasta enero de 2016 y que tampoco compareció; (3) que el licenciado Ortiz Lugo ha estado en la disposición de ayudarle a corregir las deficiencias, pero que su obra se encuentra en el Archivo de San Juan; (4) en cuanto a la deuda arancelaria, arguyó que se le hizo entrega al alguacil que incautó su obra de sobre $5,000 en sellos de asistencia legal; (5) que precisamente su "gran preocupación de entregar la caja donde guardaba [sus] aranceles es que se extravíen y quede . . . con una deuda que no existe"; (6) en lo que respecta a la falta de un notario sustituto, alegó que su percepción era que luego de su comunicación del 26 de enero de 2015, el licenciado Ortiz Lugo continuaba en tal función, y (7) en lo concerniente a la actualización de su información de contacto, adujo que notificó su número telefónico y que expresó por escrito en alguna de sus comunicaciones que el sistema no aceptaba su número de teléfono.

Ante ello, el Director de la ODIN remitió una comunicación a la licenciada Hernández Torres expresando que se solidarizaba con su situación, pero que ello no podía ser justificación para incumplir con sus requerimientos. Asimismo, le aclaró que, pese a lo que pudo haber sido su impresión, ella no contaba con un notario sustituto en propiedad. Se le indicó, además, que los alguaciles de este Tribunal sólo incautaron los tomos de protocolos, su Libro de Registro de Testimonios y su sello notarial. Ello, toda vez que los referidos funcionarios no están autorizados a incautar valores de clase alguna. Por tanto, le concedió hasta el 30 de septiembre de 2016, para subsanar las deficiencias notificadas. Se le apercibió que su incumplimiento con esa fecha final e improrrogable conllevaría la presentación de un informe ante este Tribunal para la acción disciplinaria correspondiente.

Transcurrido el término concedido, la licenciada Hernández Torres desatendió nuevamente los requerimientos de la ODIN. Según advertido, el Director de la ODIN compareció ante este Tribunal mediante un *Informe sobre incumplimiento en la corrección de deficiencias notificadas y en solicitud de remedios*. En éste, nos informó de las incidencias ocurridas y los esfuerzos realizados para que la notaria finalmente subsanara las deficiencias señaladas en su obra notarial. Examinado el referido Informe, el 28 de abril de 2017, emitimos una

Resolución mediante la cual le ordenamos a la licenciada Hernández Torres que en el término de cuarenta y cinco (45) días calendario, a partir de su notificación, realizara las gestiones siguientes: (a) designe un notario sustituto, conforme al artículo 9 de la Ley Notarial; (b) actualice sus datos en el RÚA; (c) subsane la totalidad de las deficiencias notificadas por la ODIN, incluyendo la deficiencia arancelaria de $6,926, y (d) muestre causa por la cual no debamos imponerle una sanción de $500, en virtud del artículo 62 de la Ley Notarial.

De igual modo, le apercibimos a la licenciada Hernández Torres "que de incumplir con parte o la totalidad de lo ordenado en esta Resolución, podrá exponerse no tan solo a la suspensión de la notaría, sino también a la abogacía". Resolución emitida el 28 de abril de 2017, pág. 2. Esta determinación fue notificada el 1 de mayo de 2017, pero fue devuelta, por lo que el 25 de mayo de 2017 se notificó nuevamente a otra dirección que constaba en el RÚA. Según surge del acuse de recibo del servicio postal, esta segunda notificación fue recibida el 5 de junio de 2017.

El 13 de junio de 2017, la ODIN compareció ante nos mediante una *Moción notificando incumplimiento de orden y en solicitud de remedios*. En esencia, informó que la licenciada Hernández Torres incumplió con lo ordenado por este Tribunal en la Resolución emitida el 28 de abril de 2017. En consecuencia, solicitó que se ordenara la

suspensión inmediata e indefinida del ejercicio de la notaría de la abogada; que se evaluara la imposición de otras medidas disciplinarias, incluyendo la suspensión inmediata e indefinida de la abogacía y una sanción económica de $500, y que se le confiriera un término final e improrrogable de treinta (30) días calendario, a partir de la notificación, para que satisfaga la deuda arancelaria y atienda las deficiencias sustantivas notificadas. Esto último sujeto a que se refiera el asunto a un procedimiento de desacato.

Vencido el término concedido en la Resolución del 28 de abril de 2017, la licenciada Hernández Torres compareció ante este Tribunal mediante una *Contestación a Resolución*. En ésta, señala que envió a la ODIN la solicitud de asignación del licenciado Ortiz Lugo como notario sustituto y que había actualizado sus datos en el RÚA antes de recibir la notificación de la Resolución. Con relación a esto último, indica que eliminó la dirección de la que fue su sede notarial y actualizó su número de teléfono. No obstante, alega que no pudo actualizar su dirección postal, porque el pueblo en el que reside en Nueva York no se encuentra entre las opciones que ofrece el sistema.

Respecto a la deuda arancelaria, señala que los sellos existen y estuvieron junto a los protocolos en el momento en que la Inspectora llevó a cabo su inspección. Arguye que, tras la ODIN informarle que los sellos no

fueron recogidos, se comunicó con quien fuera su expareja, y dueño de su oficina, y éste le confirmó que tenía los sellos en su poder. De igual manera, nuevamente reconoce que ha incumplido con subsanar las deficiencias de sus protocolos del 2010-2015 y, probablemente no exista justificación para ello, pero que económicamente no ha podido y no estaba preparada mentalmente para regresar a Puerto Rico.

Asimismo, la licenciada Hernández Torres expresa que entiende que no merece oportunidades, pero solicita que se le permita recoger su Libro de Registro de Testimonios en el Archivo de San Juan durante las fechas del 23 al 30 de diciembre de 2017. Ello, con miras de actualizarlo, adherir los sellos y, luego, regresarlo. Igualmente, solicita oportunidad de examinar sus protocolos del 2010-2015 y subsanar algunas faltas, tales como adherir los sellos de rentas internas, impuesto notarial y asistencia legal adeudados. En ese sentido, informa que viajará a Puerto Rico del 17 al 25 de febrero de 2018, y del 1 al 8 de abril de 2018, fechas en las que podría finalizar la subsanación de defectos. Además, solicita el traslado de sus protocolos del 2010-2015 a la oficina del licenciado Ortiz Lugo para que éste pueda asistirle en la corrección de deficiencias.

Por otro lado, solicita oportunidad de resarcir sus faltas sin que se le imponga la sanción económica de $500, pues ha pasado muchas necesidades y la realidad es que no

salió de Puerto Rico por su voluntad, sino por una situación personal. De otra parte, sostuvo que no está interesada en continuar la práctica de la abogacía y la notaría en Puerto Rico, pero quisiera inactivarse voluntariamente. Además, asegura no estar interesada en radicarse en Puerto Rico bajo ninguna circunstancia, sino que desea resolver los asuntos pendientes ante este Tribunal.

Con ello en mente, examinemos las disposiciones éticas aplicables.

## II

En innumerables ocasiones, hemos expresado que "desatender las órdenes judiciales constituye un serio agravio a la autoridad de los tribunales e infringe el Canon 9 del Código de Ética Profesional, 4 LPRA Ap. IX". *In re* Abendaño Ezquerro, 2017 TSPR 140, pág. 4. Véase, también, *In re Bello Rivera*, 192 DPR 812, 816 (2015). Cónsono con lo anterior, hemos destacado que "la naturaleza de la función de abogado requiere de una escrupulosa atención y obediencia a las órdenes de este Tribunal". Íd. Consecuentemente, hemos advertido que cuando un abogado no atiende con diligencia nuestros requerimientos, y se muestra indiferente ante nuestros apercibimientos de imponerle sanciones disciplinarias, procede su suspensión del ejercicio de la abogacía. *In re* Abendaño Ezquerro, supra, pág. 4; *In re* Salas González, 193 DPR 387, 393 (2015). Asimismo, hemos aclarado que

incumplir los requerimientos de la ODIN conlleva idéntica sanción disciplinaria. Íd.

Respecto a los abogados que ejercen el notariado, este Tribunal ha precisado que no pueden asumir una actitud pasiva en torno a los señalamientos de deficiencias notariales. Ello, toda vez que "la práctica de la notaría requiere el mayor celo en el cumplimiento de los deberes que le impone la ley y el ordenamiento ético". *In re* Abendaño Ezquerro, supra, pág. 5. En ese sentido, hemos sido enfáticos en que los notarios tienen el deber ineludible de corregir con diligencia las deficiencias notariales señaladas por los inspectores de protocolos y notarías. *In re* Maldonado Giuliani, 195 DPR 670, 674-676 (2016). Por consiguiente, "la ausencia de corrección combinada con la gravedad de tales deficiencias permiten a este Tribunal hacer valer nuestra facultad disciplinaria sobre los notarios y nuestra revisión sobre su función pública". *In re* Cardona Rodríguez, 2017 TSPR 125, págs. 7-8. En virtud de lo anterior, hemos dispuesto que aquellos notarios que desatienden los requerimientos de la ODIN y de este Tribunal con relación a la subsanación de las deficiencias notariales infringen el Canon 9 del Código de Ética Profesional. Íd., pág. 7; *In re* Maldonado Giuliani, supra. Por tanto, resaltamos que "tratar con ligereza o laxitud los señalamientos de la ODIN también configura una violación del Canon 9". *In re* Márquez Colón, 2017 TSPR 129, pág. 25.

Reiteradamente, hemos señalado que los notarios tienen la obligación de dar estricto cumplimiento a la Ley Notarial de Puerto Rico, Ley Núm. 75 de 2 de julio de 1987, 4 LPRA sec. 2001 *et seq.*, su reglamento y las disposiciones del Código de Ética Profesional, 4 LPRA Ap. IX. Íd., pág. 9; *In re* Cardona Rodríguez, supra, pág. 6; *In re* Morales Maldonado, 193 DPR 340, 345 (2015). Asimismo, este Tribunal ha manifestado que "[e]l incumplimiento con una de estas fuentes de obligaciones y deberes del notario implica ineludiblemente la acción disciplinaria correspondiente no sólo en la función de éste como notario, sino también como abogado". *In re* Cardona Rodríguez, supra, pág. 6; *In re* Capestany Rodríguez, 148 DPR 728, 733 (1999). Véase, también, *In re* Morales Maldonado, supra. Por tanto, el notario que no cumple con sus funciones se expone a sanciones disciplinarias por lesionar la confianza y la función pública que le fueron confiadas. *In re* Cardona Rodríguez, supra, pág. 6; *In re* Capestany Rodríguez, supra, pág. 734.

Como parte de sus funciones, los notarios tienen el deber de adherir y cancelar los sellos arancelarios correspondientes a cada documento o instrumento público al momento de autorizarlo. 4 LPRA sec. 2021; *In re* Troche Mercado, 194 DPR 747, 752 (2016); *In re* Román Jiménez, 161 DPR 727, 731 (2004). Su incumplimiento con tal deber constituye una omisión seria que podría resultar en fraude al erario público y en la configuración del delito de

apropiación ilegal. *In re* Cardona Rodríguez, supra, págs. 6-7; *In re* Capestany Rodríguez, supra, págs. 734-735. Además, el notario estaría dando fe de haber realizado un acto que realmente no efectuó y, a su vez, expondría los documentos autorizados a su anulabilidad e ineficacia jurídica en perjuicio de los otorgantes o de terceros. *In re* Cardona Rodríguez, supra, págs. 6-7; *In re* Capestany Rodríguez, supra, pág. 735. En consecuencia, hemos expresado diáfanamente **"que no aceptaremos como excusa para incumplir con este deber, tener o haber tenido problemas personales"**. *In re* Cardona Rodríguez, supra, pág. 7; *In re* Torres Hernández, 160 DPR 709, 712 (2003) (énfasis suplido).

De igual forma, hemos destacado que el notario es un mero custodio de los protocolos, pues éstos pertenecen al Estado. 4 LPRA sec. 2072; *In re* Cardona Rodríguez, supra, pág. 7; *In re* Morales Maldonado, supra, págs. 345-346. Es decir, estos funcionarios representan la fe pública notarial y, por tanto, deben acatar las normas impuestas para el manejo y mantenimiento de su obra protocolar. Como corolario, se ha establecido el deber de los notarios de nombrar a otro notario para que le sustituya cuando se ausente de su oficina por cualquier causa que no sea permanente. 4 LPRA sec. 2013; *In re* Rosenbaum, 189 DPR 115, 119 (2013).

Ahora bien, se dispone que el periodo de ausencia del notario no podrá exceder de tres (3) meses. Ese periodo

sólo podrá extenderse en casos excepcionales en que medie justa causa, previa solicitud al Director de la ODIN. 4 LPRA sec. 2013. Además, la extensión del periodo de ausencia se limitará a un plazo máximo adicional de nueve (9) meses, para un total de doce (12) meses de sustitución de un notario por ausencia autorizada. Íd. Es responsabilidad tanto del notario como de su sustituto notificar la designación a la ODIN. Íd.; *In re* Rosenbaum, supra.

A la luz del marco jurídico expuesto, procedemos a evaluar la conducta desplegada por la licenciada Hernández Torres.

## III

No albergamos duda que la licenciada Hernández Torres ha incurrido en un craso incumplimiento de la Ley Notarial, supra, y su reglamento, y de los postulados del Canon 9 del Código de Ética Profesional, supra. En reiteradas ocasiones, hemos expresado de forma clara, precisa y contundente que todo notario tiene la obligación de adherir y cancelar los sellos de rentas internas, impuestos notariales y de asistencia legal inmediatamente que se lleva a cabo el acto notarial correspondiente. Con igual contundencia, hemos advertido que tal omisión será causa suficiente para la imposición de sanciones disciplinarias severas, incluyendo la suspensión del ejercicio de la abogacía y la notaría.

No obstante, según se desprende del expediente del caso, la licenciada Hernández Torres no adhirió ni canceló un sinnúmero de sellos notariales y de rentas internas que constituyen una deuda arancelaria ascendente a $6,926. En un intento por justificar tan grave falta, la notaria aduce que los sellos estaban en su sede notarial, por lo cual los alguaciles de este Tribunal podían incautarlos junto a su obra protocolar y sello notarial. No podemos avalar tal contención. La licenciada Hernández Torres tenía el deber ineludible de adherir y cancelar los sellos correspondientes al momento de autorizar los documentos o instrumentos públicos. Más aún, no puede delegar su obligación a los funcionarios de este Tribunal.

De igual modo, resulta importante resaltar que la licenciada Hernández Torres se trasladó fuera de la jurisdicción de Puerto Rico con la pretensión de radicarse permanentemente en Nueva York, y sin ningún interés en continuar ejerciendo la abogacía y la notaría. Ello, sin antes informar a la ODIN, para que se realizaran los trámites correspondientes a la designación de un notario sustituto; la entrega de su obra protocolar y su sello notarial, y su cesación al ejercicio de la notaría, según correspondiera. Al así actuar, la notaria faltó a su deber de ejercer el más alto grado de cuidado, diligencia y celo en su función de custodiar los protocolos del Estado.

Asimismo, la licenciada Hernández Torres ha actuado con displicencia, desidia y dejadez ante los

requerimientos de la ODIN y de este Tribunal. Independientemente de las razones personales que la motivaron a trasladarse fuera de Puerto Rico, lo cierto es que se le han concedido suficientes oportunidades para subsanar las deficiencias en su obra notarial y satisfacer la deuda arancelaria ascendente a $6,926. No obstante, la abogada ha asumido una actitud de indiferencia ante los requerimientos y apercibimientos de la ODIN y de este Tribunal, y ha incumplido en todo momento con lo requerido.

Adviértase que, en la Resolución del 28 de abril de 2017, se le ordenó a la licenciada Hernández Torres de forma específica que subsanara la totalidad de las deficiencias notificadas por la ODIN, incluyendo la deuda arancelaria. Asimismo, nótese que se le apercibió que, de incumplir total o parcialmente con nuestra orden, se expondría a la suspensión de la abogacía y la notaría. Aún así, la abogada incumplió nuevamente con lo ordenado y, con su acostumbrada falta de diligencia, compareció ante este Tribunal luego de vencido el término concedido. En su comparecencia, esencialmente reiteró sus planteamientos de índole personal y económico para excusar su incumplimiento en subsanar las deficiencias señaladas por la ODIN. Sin duda, ha sido su propio patrón de incumplimientos lo que le ha impedido completar el proceso de subsanación de deficiencias en su obra notarial. Ante ello, no nos queda

más que suspenderle inmediata e indefinidamente del ejercicio de la abogacía y la notaría.

**IV**

Al amparo de los fundamentos que anteceden, suspendemos inmediata e indefinidamente del ejercicio de la abogacía y la notaría a la Lcda. Verónica D. Hernández Torres.

En consecuencia, se le impone a la señora Hernández Torres el deber de notificar a todos sus clientes sobre su inhabilidad para continuar representándolos, y devolverles cualesquiera honorarios recibidos por trabajos no realizados. De igual forma, tendrá que informar inmediatamente de su suspensión a cualquier sala del Tribunal General de Justicia o foro administrativo en el que tenga algún caso pendiente. Deberá acreditar y certificar ante este Tribunal el cumplimiento con lo anterior, dentro del término de treinta (30) días contados a partir de la notificación de la presente Opinión *Per Curiam* y Sentencia.

En virtud de su suspensión inmediata e indefinida del ejercicio de la notaría, la fianza que garantiza sus funciones notariales queda automáticamente cancelada. Asimismo, la fianza se considerará buena y válida por tres (3) años después de su terminación, en cuanto a los actos realizados durante el periodo en que ésta estuvo vigente.

Se le apercibe a la señora Hernández Torres que esta acción disciplinaria no le exime de subsanar, a sus

expensas, las deficiencias señaladas por la ODIN en su obra notarial. Esa obligación subsiste y su incumplimiento le expondrá al correspondiente procedimiento de desacato. Por tanto, le concedemos a la señora Hernández Torres un término de sesenta (60) días para que subsane las deficiencias arancelarias de su obra notarial y contrate, a su costo, un notario que le asista en el proceso de corregir las deficiencias notariales señaladas.

Se refiere el asunto de la deuda arancelaria al Departamento de Justicia de Puerto Rico para la acción correspondiente.

Notifíquese esta Opinión *Per Curiam* y Sentencia a la Sra. Verónica D. Hernández Torres por correo certificado y correo electrónico, por encontrarse fuera de Puerto Rico.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Verónica D. Hernández Torres          TS-17,418

SENTENCIA

San Juan, Puerto Rico, a 1 diciembre de 2017.

Por las razones expuestas en la Opinión *Per Curiam* que antecede, la cual se hace formar parte de la presente Sentencia se suspende inmediata e indefinidamente del ejercicio de la abogacía y la notaría a la Lcda. Verónica D. Hernández Torres.

En consecuencia, se le impone a la señora Hernández Torres el deber de notificar a todos sus clientes sobre su inhabilidad para continuar representándolos, y devolverles cualesquiera honorarios recibidos por trabajos no realizados. De igual forma, tendrá que informar inmediatamente de su suspensión a cualquier sala del Tribunal General de Justicia o foro administrativo en el que tenga algún caso pendiente. Deberá acreditar y certificar ante este Tribunal el cumplimiento con lo anterior, dentro del término de treinta (30) días contados a partir de la notificación de la presente Opinión *Per Curiam* y Sentencia.

En virtud de su suspensión inmediata e indefinida del ejercicio de la notaría, la fianza que garantiza sus funciones notariales queda automáticamente cancelada. Asimismo, la fianza se considerará buena y válida por tres (3) años después de su terminación, en cuanto a los actos realizados durante el periodo en que ésta estuvo vigente.

Se le apercibe a la señora Hernández Torres que esta acción disciplinaria no le exime de subsanar, a sus expensas, las deficiencias señaladas por la ODIN en su obra notarial. Esa obligación subsiste y su incumplimiento le expondrá al correspondiente procedimiento de desacato. Por tanto, le concedemos a la señora Hernández Torres un término de sesenta (60) días para que subsane las deficiencias arancelarias de su obra notarial y contrate,

a su costo, un notario que le asista en el proceso de corregir las deficiencias notariales señaladas.

Se refiere el asunto de la deuda arancelaria al Departamento de Justicia de Puerto Rico para la acción correspondiente.

Notifíquese esta Opinión *Per Curiam* y Sentencia a la Sra. Verónica D. Hernández Torres por correo certificado y correo electrónico, por encontrarse fuera de Puerto Rico.

Lo pronunció, manda el Tribunal y certifica el Secretario del Tribunal Supremo.

Juan Ernesto Dávila Rivera
Secretario del Tribunal Supremo