*In re* EDGARDO JOSÉ OYOLA TORRES.

*Número:* TS-15,833     *Resuelto:* 21 de abril de 2016

*Manuel E. Ávila de Jesús*, director de la Oficina de Inspección de Notarías.

PER CURIAM: Nuevamente nos vemos obligados a ejercer nuestra facultad disciplinaria en contra de un miembro de la profesión jurídica que ha incumplido con los requisitos de la Oficina de Inspección de Notarías (ODIN) y no ha acatado las órdenes de este Tribunal.

En atención a la inobservancia de los preceptos antes establecidos, suspendemos al Lcdo. Edgardo José Oyola Torres (licenciado Oyola Torres) de forma inmediata e indefinida de la abogacía y la notaría.

I

El licenciado Oyola Torres fue admitido al ejercicio de la abogacía el 31 de enero de 2006 y a la notaría el 24 de marzo del mismo año. El 12 de mayo de 2015, la ODIN, a través de su director, el Lcdo. Manuel E. Ávila de Jesús, compareció ante este Foro mediante un Informe Especial (Informe). En éste señaló que se le había notificado al licenciado Oyola Torres que adeudaba un total de treinta y tres índices de actividad notarial mensual correspondien-

tes a los meses de diciembre de 2010, noviembre y diciembre de 2011, enero a diciembre de 2012, enero a diciembre de 2013 y enero a septiembre de 2014. Además, no había presentado los informes estadísticos de actividad notarial anual para los años naturales 2012 y 2013.

A esos fines, la ODIN le concedió al licenciado Oyola Torres un término de diez días para rendir todos los documentos adeudados y expresar las razones de su incumplimiento reiterado en la presentación de los índices de actividad mensual y de los informes estadísticos de actividad notarial. La comunicación remitida al notario fue devuelta como "destinatario desconocido" (*unknown recipient*) por el Servicio Federal de Correo Postal.

El 16 de enero de 2015, la ODIN le remitió otra carta al licenciado Oyola Torres, en la cual le explicó que la comunicación anterior, enviada a la dirección de notificaciones que aparece en el Registro Único de Abogados y Abogadas (RUA), había sido devuelta por el sistema de correo federal. No obstante, la ODIN le concedió un término final e improrrogable para presentar los índices mensuales y los informes estadísticos anuales adeudados que vencería el 6 de febrero de 2015. Además, le requirió que expusiera las razones por las cuales incumplió con la presentación de los índices e informes dentro de los términos dispuestos en la Ley Notarial y su Reglamento. El licenciado Oyola Torres tampoco respondió a esta comunicación.

El 12 de febrero de 2015, la ODIN reenvió al licenciado Oyola Torres el requerimiento de la presentación de los índices notariales e informes estadísticos de actividad notarial adeudados. En esa ocasión, la comunicación fue enviada a una tercera dirección postal del licenciado Oyola Torres según surge del expediente que custodia la ODIN. En la referida carta se confirió al licenciado Oyola Torres hasta el 25 de febrero de 2015 para presentar los índices e informes con la carta explicativa sobre las razones para el incumplimiento con la presentación oportuna de los

mismos. A esa fecha, el notario adeudaba, además, los índices correspondientes a los meses de octubre a diciembre de 2014 y tampoco había presentado evidencia del pago de la fianza notarial correspondiente a los años 2010 a 2015 ni había actualizado su información personal en RUA.

La ODIN realizó varios intentos adicionales para comunicarse con el licenciado Oyola Torres. No obstante, estos esfuerzos fueron infructuosos. A esos efectos, la ODIN recomendó en su Informe la imposición de medidas disciplinarias contra el notario por su "evidente falta de interés y compromiso [...] en responder diligentemente a las cartas de requerimiento que le fueron enviadas [...]".[1]

Mediante una Resolución emitida el 29 de mayo de 2015,[2] concedimos al notario un término de veinte días para expresarse en torno al Informe y le apercibimos que su incumplimiento con esta orden conllevaría sanciones severas. El notario aún no ha presentado su oposición al mismo.

## II

El Tribunal Supremo de Puerto Rico tiene el poder inherente de regular la profesión y, como tal, nos corresponde asegurar que los miembros admitidos a la práctica de la abogacía y la notaría ejerzan sus funciones de manera responsable, competente y diligente.[3] Con el propósito de mantener la excelencia de la clase togada, reiteradamente hemos enfatizado la obligación que tienen los abogados de cumplir fiel y cabalmente con todos los cánones de ética que rigen nuestra profesión.[4]

▪ Entre las disposiciones de mayor envergadura en

---

[1] Véase Informe especial, pág. 8.

[2] Archivada en autos la copia de la notificación de la Resolución el 4 de junio de 2015.

[3] *In re Vera Vélez*, 192 DPR 216 (2015).

[4] *In re Sosa Suárez*, 191 DPR 261 (2014).

nuestro ordenamiento jurídico se encuentra el Canon 9 del Código de Ética Profesional, 4 LPRA Ap. IX, que le impone al abogado el deber de "observar para con los tribunales una conducta que se caracterice por el mayor respeto". La desatención de las órdenes y los requerimientos judiciales constituye un serio agravio a la autoridad de los tribunales, lo que representa una infracción a este canon.[5] Por tal motivo, los abogados tienen una obligación inexcusable de atender y responder pronta y rigurosamente a nuestras órdenes y requerimientos, en especial cuando se refieren a la investigación, tramitación y resolución de quejas y procesos disciplinarios.[6] Ello independientemente de los procedimientos iniciados en su contra.[7]

A su vez, los abogados deben responder diligentemente a los requerimientos de la ODIN y del Procurador General, puesto que su inobservancia acarrea el mismo efecto que cuando se desatiende una orden emitida por este Foro.[8] En el ejercicio de nuestra autoridad fiscalizadora de la profesión legal, hemos suspendido inmediata e indefinidamente del ejercicio de la abogacía y la notaría a aquellos miembros que no atiendan con diligencia nuestros requerimientos, así como los emitidos por la ODIN y la Oficina del Procurador General.[9]

Por otra parte, la Regla 9(j) del Reglamento del Tribunal Supremo, 4 LPRA Ap. XXI-B, dispone que todos los abogados tienen "la obligación de mantener actualizados sus datos y realizar cualquier cambio en la información que consta en el Registro Único [de Abogados y Abogadas del Tribunal Supremo]". Entre otras cosas, el abogado deberá notificar cualquier cambio en su dirección, teléfono,

---

[5] *In re Bryan Picó*, 192 DPR 246 (2015); *In re Martínez Romero*, 188 DPR 511 (2013).

[6] *In re Bryan Picó*, supra; *In re Vera Vélez*, supra.

[7] *In re Martínez Romero*, supra; *In re Chardón Dubós*, 191 DPR 201 (2014).

[8] *In re Chardón Dubós*, supra.

[9] *In re Martínez Romero*, supra, pág. 515.

fax y correo electrónico. El incumplimiento con lo anterior también podrá conllevar la imposición de sanciones disciplinarias.([10]) No olvidemos que cuando un letrado incumple con su deber de mantener al día su información de contacto, obstaculiza el ejercicio de nuestra jurisdicción disciplinaria.([11])

## III

A pesar de los múltiples apercibimientos, tanto de este Tribunal como de la ODIN, el licenciado Oyola Torres ha desplegado una conducta temeraria en desatención a nuestra autoridad como foro regulador de la profesión legal. Esa conducta, en sí misma, constituye un craso incumplimiento con el Canon 9 del Código de Ética Profesional, *supra*. Al igual que en otras ocasiones, no dudaremos en tomar acción disciplinaria en contra de abogados que incumplan con los términos finales concedidos para contestar nuestras órdenes o las de la ODIN y el Procurador General.

Además, su omisión de mantener informado a este Tribunal sobre su dirección actual ha obstaculizado el ejercicio de nuestra jurisdicción disciplinaria. Con su conducta, el licenciado Oyola Torres nos ha demostrado que no tiene interés en practicar la profesión jurídica en esta jurisdicción.

## IV

Por los fundamentos expuestos, *decretamos la suspensión inmediata e indefinida del licenciado Oyola Torres del ejercicio de la abogacía y la notaría.*

*El licenciado Oyola Torres deberá notificar a sus clientes que, por motivo de su suspensión, no podrá continuar proveyéndoles consultoría ni representación legal. Devolverá a*

---

([10]) *In re Bryan Picó*, supra.

([11]) *In re Toro Soto*, 181 DPR 654, 661 (2011).

*sus clientes los expedientes de cualquier caso ya atendido o pendiente de resolución y los honorarios que haya percibido por cualquier trabajo no realizado. De igual manera, tendrá la responsabilidad de informar de su suspensión a todos los foros judiciales y administrativos en los que tenga algún caso pendiente. Deberá asimismo acreditar y certificar a este Tribunal el cumplimiento con todo lo anterior dentro del término de treinta días, contados a partir de la notificación de la presente Opinión "per curiam" y Sentencia.*

*Se le ordena al Alguacil de este Tribunal que incaute inmediatamente la obra y el sello notarial del licenciado Oyola Torres y los entregue al Director de la Oficina de Inspección de Notarías para la correspondiente investigación e informe.*

*Notifíquese personalmente esta Opinión "per curiam" y Sentencia.*

*Se dictará sentencia de conformidad.*