*In re* ÁNGEL L. MORALES RODRÍGUEZ, querellado.

*Número:* AB-2015-162     *Resuelto:* 20 de junio de 2016

*Ruth N. Álvarez Ramírez*, querellante.

PER CURIAM: Nos corresponde ejercer nuestra facultad disciplinaria contra un miembro de la profesión legal que reiteradamente ha desatendido nuestros requerimientos.

## I

El Lcdo. Ángel L. Morales Rodríguez fue admitido al ejercicio de la abogacía el 17 de enero de 1995 y prestó juramento como notario el 23 de enero de 1995. El 1 de mayo de 2015, la Sra. Ruth N. Álvarez Ramírez presentó la queja AB-2015-162 contra el licenciado Morales Rodríguez. El 5 de mayo de 2015 y el 16 de julio de 2015, la entonces Secretaria de este Tribunal, Hon. Aida Ileana Oquendo Graulau, cursó comunicaciones al licenciado Morales Rodríguez concediéndole 10 días para contestar la queja presentada en su contra. Ante su incomparecencia, el 25 de agosto de 2015 emitimos una resolución concediéndole un término final de 5 días para contestar la queja. Le apercibimos que su incumplimiento podría conllevar sanciones disciplinarias severas, inclusive la suspensión del ejercicio de la profesión. A pesar de que la resolución se le notificó personalmente, el licenciado Morales Rodríguez no ha cumplido con nuestra orden.

## II

Según el Canon 9 del Código de Ética Profesional, 4 LPRA Ap. IX, "[e]l abogado debe observar para con los tribunales una conducta que se caracterice por el mayor respeto". Por lo tanto, procede la suspensión inmediata de un miembro de la profesión legal cuando desatiende nuestras órdenes y se muestra indiferente ante nuestros apercibimientos de sanciones disciplinarias. *In re Santaliz Martell*, 194 DPR 911, 924 (2016); *In re García Incera*, 177 DPR 329, 331 (2009). Lo anterior, porque dicha conducta consti-

tuye un serio agravio a la autoridad de este Foro y es contraria a lo requerido por el Canon 9 del Código de Ética Profesional, *supra. In re García Incera*, supra.

■ Además, hemos expresado que incumplir con nuestros requerimientos es una falta independiente de los méritos de la queja presentada en contra del abogado o de la abogada. *In re García Incera*, supra.

Apliquemos este marco legal a los hechos ante nuestra consideración.

### III

Surge claramente de los hechos reseñados que el licenciado Morales Rodríguez ha hecho caso omiso a nuestros requerimientos, aun bajo apercibimiento de sanciones severas, como la suspensión del ejercicio de la profesión. No podemos tolerar esta conducta que denota una falta de diligencia y respeto hacia este foro y su facultad disciplinaria.

En vista de lo anterior, *se decreta la suspensión inmediata e indefinida del licenciado Morales Rodríguez del ejercicio de la abogacía y la notaría. Así pues, se le impone el deber de notificar a todos sus clientes sobre su inhabilidad para continuar representándolos y devolverles cualesquiera honorarios recibidos por trabajos no realizados, e informar inmediatamente de su suspensión a los foros judiciales y administrativos. Asimismo, deberá acreditar a este Tribunal el cumplimiento con lo anterior dentro del término de 30 días a partir de la notificación de esta opinión "per curiam" y sentencia.*

*El Alguacil de este Tribunal deberá incautar la obra y el sello notarial del licenciado Morales Rodríguez y entregarlos al Director de la Oficina de Inspección de Notarías para el correspondiente examen e informe a este foro. Notifíquese personalmente al licenciado Morales Rodríguez esta opinión "per curiam" y sentencia.*

*Se dictará sentencia de conformidad.*