EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re:                                            |                   |
| ------------------------------------------------- | ----------------- |
|                                                   | 2016 TSPR 223     |
| Miguel A. Montalvo Delgado                        | 196 DPR _____     |
| (TS-10,202)                                       |                   |

Número del Caso: CP-2013-2


Fecha: 6 de octubre de 2016


Abogados del Querellado:

       Lcdo. Guillermo Figueroa Prieto
       Lcdo. Mario A. Rodríguez Torres


Oficina de la Procuradora General:

       Lcda. Karla Pacheco Álvarez
       Subprocuradora General

       Lcda. Minnie H. Rodríguez López
       Procuradora General Auxiliar

       Lcda. Yaizamarie Lugo Fontánez
       Procuradora General Auxiliar


Comisionado Especial:

       Hon. Eliadís Orsini Zayas


Materia: Conducta Profesional – La Suspensión será efectiva el 27 de octubre de 2016, fecha en que se le notificó al abogado de su suspensión inmediata.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Miguel A. Montalvo Delgado      CP-2013-2      Conducta
     (TS-10,202)                                        Profesional

PER CURIAM

En San Juan, Puerto Rico, a 6 de octubre de 2016.

El 25 de enero de 2013 la Oficina de la Procuradora General de Puerto Rico (Procuradora General) presentó una querella sobre conducta profesional en contra del Lcdo. Miguel A. Montalvo Delgado (licenciado Montalvo Delgado o el querellado). La querella imputaba la violación a los Cánones 9, 12, 18, 20 y 24 del Código de Ética Profesional.[1] Por entender que el proceder del letrado se apartó de lo que prescriben los referidos cánones, procede ejercer nuestra facultad disciplinaria. Veamos.

---

[1] 4 LPRA Ap. IX.

I

El licenciado Montalvo Delgado fue admitido a la práctica de la abogacía el 7 de julio de 1992 y al ejercicio del notariado el 13 de agosto de 1992.

El 25 de mayo de 2011, el Sr. Raúl Legarreta Rivera (señor Legarreta Rivera o el quejoso) presentó una queja contra el Lcdo. Luis A. Morell Morell (licenciado Morell Morell) y el licenciado Montalvo Delgado sobre alegado desconocimiento y falta de consentimiento a que éste último lo representara legalmente.[2] Además, el quejoso alegó falta de diligencia en la tramitación de su caso e incumplimiento con las órdenes del tribunal de parte del licenciado Montalvo Delgado. A continuación, relatamos los hechos que originan estas imputaciones, según surge de la investigación de la queja.

El señor Legarreta Rivera contrató los servicios profesionales del licenciado Morell Morell para que lo representara, tanto a él como a su esposa la Sra. Hilda Pérez Vega, en una acción de cobro de dinero y ejecución de hipoteca en contra de la sucesión del Sr. Antonio Méndez Ruiz.

Luego de que el Tribunal de Primera Instancia dictara sentencia a favor del señor Legarreta Rivera y su esposa, se procedió con la venta de la propiedad en pública subasta, la cual les fue adjudicada. El

---

[2] Anteriormente, el señor Legarreta Rivera presentó una querella contra ambos abogados ante la Comisión de Ética del Colegio de Abogados de Puerto Rico por los mismos hechos. Acontecidos los trámites de rigor, la Comisión emitió Resoluciones archivando las querellas presentadas.

licenciado Morell Morell autorizó la escritura de venta judicial de la referida propiedad, la cual, posteriormente, el señor Legarreta Rivera cedió a su hija, Dixie Cristel Legarreta Pérez, mediante una escritura de donación. A su vez, ésta le vendió la propiedad a un tercero, el Sr. Francisco Rodríguez Maldonado.

Así las cosas, en diciembre de 2003 la sucesión de Bonifacia Méndez Ruiz y la sucesión de Luis Ángel Méndez Méndez presentaron una demanda sobre nulidad de sentencia y falta de jurisdicción sobre la persona.[3] En ese escrito alegaron que la sentencia emitida por el foro de instancia a favor del señor Legarreta Rivera y su esposa era nula por no haberse adquirido jurisdicción sobre la persona de los demandados. Además, arguyeron que el proceso de subasta no había cumplido con las disposiciones de ley correspondientes, por lo que el mismo también era nulo.

Ante ello, el señor Legarreta Rivera adujo que se comunicó nuevamente con el licenciado Morell Morell para contratar sus servicios profesionales. En esa ocasión, estos suscribieron un contrato por escrito en el cual pactaron honorarios por $4,500. Así, el quejoso pagó un depósito de $500 y el resto sería facturado por el abogado durante el pleito.

---

[3] Cabe destacar que ni Dixie Cristel Legarreta Pérez ni el Sr. Francisco Rodríguez Maldonado fueron incluidos en ese pleito.

Por otro lado, el señor Legarreta Rivera señaló que en el transcurso del pleito tuvo que viajar a Estados Unidos, por lo cual le pidió al licenciado Morell Morell que de surgir algún inconveniente se comunicara con su hija. Ante ello, el quejoso sostuvo que la secretaria del licenciado Morell Morell le informó a su hija que el abogado había referido el caso sobre nulidad de sentencia al licenciado Montalvo Delgado para que éste continuara con el mismo. Ello pues, supuestamente existía un conflicto de intereses con el licenciado Morell Morell por su participación en el pleito original y el proceso de la venta judicial.

En vista de lo anterior, el señor Legarreta Rivera indicó que el licenciado Montalvo Delgado se comunicó con él para solicitarle $350 para gastos del litigio, dinero que le fue enviado mediante giro postal. Además, el señor Legarreta Rivera señaló que, a su regreso a Puerto Rico, se reunió con el licenciado Montalvo Delgado en sus oficinas en Camuy y le hizo entrega de $1,000 adicionales. No obstante, el quejoso expresó que en todo momento entendió que el licenciado Montalvo Delgado estaba ayudando al licenciado Morell Morell, pues este último nunca le notificó que había renunciado a su caso y que el querellado había asumido su representación legal.

En cuanto a la tramitación del caso, el señor Legarreta Rivera adujo que el licenciado Montalvo Delgado faltó a su deber de diligencia. Ello debido a que el

abogado no compareció a citaciones del tribunal, presentó mociones con el número equivocado y apelaciones fuera del término correspondiente.

Por su parte, el 23 de junio de 2011 el licenciado Montalvo Delgado presentó su contestación a la queja. En su escrito precisó que en el 2004 acudió a la oficina del licenciado Morell Morell para reunirse con éste y con el señor Legarreta Rivera. El querellado alegó que allí se le explicó al quejoso el trámite procesal del caso de nulidad de sentencia. Además, ante la alegación de la parte demandante sobre la existencia de un conflicto de intereses en cuanto al licenciado Morell Morell, el licenciado Montalvo Delgado explicó que éste había decidido renunciar al caso para evitar la descalificación del tribunal. Adujo que por tal motivo, el licenciado Morell Morell le había recomendado sus servicios profesionales al señor Legarreta Rivera, honrándole los mismos términos y condiciones de la contratación que había acordado con el primero.

Por otro lado, el querellado indicó que el señor Legarreta Rivera consintió a que éste continuara con su representación legal, pues el expediente del caso le fue entregado e incluso recibió pagos parciales de parte del quejoso. En cuanto a las alegaciones sobre su falta de diligencia en la tramitación del caso, el abogado aclaró que la tardanza en la presentación de la contestación a un interrogatorio se debió a que el señor Legarreta

Rivera se encontraba fuera del país, lo cual dificultaba realizar los trámites necesarios para juramentar el documento. Asimismo, señaló que las mociones presentadas con números incorrectos fueron el resultado de una confusión, pero que el propio tribunal corrigió el asunto. Finalmente, el licenciado Montalvo Delgado aclaró que la presentación tardía del recurso de apelación se debió a que a éste le notificaron tardíamente la publicación de unos edictos y que, para ese entonces, ya el término para apelar había transcurrido.

Conforme a lo anterior, el 13 de julio de 2011 referimos el asunto a la Oficina del Procurador General para que rindiera el informe de rigor. Luego de concederle un término adicional, el 30 de diciembre de 2011 recibimos el *Informe del Procurador General* en el cual señaló, en lo aquí pertinente, que el licenciado Montalvo Delgado incurrió en violaciones a los Cánones 9, 12, 18, 19 y 24 de Ética Profesional, *supra*.

Visto el informe presentado por el Procurador General, el 30 de enero de 2012 emitimos una Resolución en la cual concedimos 20 días al licenciado Morell Morell y al licenciado Montalvo Delgado para expresarse sobre éste.[4] El 8 de marzo de 2012 compareció el licenciado Morell Morell. Por su parte, tras concedérsele un término adicional, el licenciado Montalvo Delgado compareció el 26 de marzo de 2012.

---

[4] Archivada en autos la copia de la notificación de la Resolución el 6 de febrero de 2012.

Con el beneficio de la comparecencia de ambas partes, el 27 de abril de 2012 ordenamos a la Oficina de Inspección de Notarías a evaluar los aspectos notariales reseñados en el *Informe del Procurador General* sobre el licenciado Morell Morell y a someter su recomendación en el término de 45 días.[5] En cuanto al licenciado Montalvo Delgado, instruimos al Procurador General a que presentara una querella a la luz de la conducta del abogado.

Conforme a lo anterior, el 25 de enero de 2013 la Procuradora General presentó una querella, en la cual le imputó al licenciado Montalvo Delgado la infracción a los Cánones 9, 12, 18, 20 y 24 de Ética Profesional, *supra*.[6] Por su parte, el licenciado Montalvo Delgado presentó su contestación a la querella el 19 de agosto de 2013.

En vista de lo anterior, el 27 de marzo de 2014 designamos a la Hon. Eliadís Orsini Zayas, exjueza del Tribunal de Primera Instancia, como Comisionada Especial para que recibiera la prueba y nos emitiera un informe con las determinaciones de hechos y recomendaciones que estimara pertinentes. Celebrada la vista, la Comisionada

---

[5] Archivada en autos la copia de la notificación de la Resolución el 10 de mayo de 2012. Cabe destacar que, luego de examinar el informe presentado por la Oficina de Inspección de Notarías, el 31 de octubre de 2014, notificada el 10 de noviembre de 2014, emitimos una Resolución en la cual amonestamos al licenciado Morell Morell "a que en el futuro deberá ser más cuidadoso en el desempeño de la profesión, procurando así el más estricto cumplimiento de los cánones que la cobija".

[6] Debido a la designación de la Lcda. Margarita Mercado Echegaray como Procuradora General, en adelante, haremos referencia a su oficina como la Oficina de la Procuradora General y a su persona como Procuradora General.

Especial concluyó que a pesar de haberse probado la ocurrencia de los incidentes procesales relacionados al licenciado Montalvo Delgado, ninguno de ellos fue de la importancia y magnitud que se le pretendió adjudicar y no tienen trascendencia ética. No obstante, nos recomendó instruir al querellado a abstenerse de aceptar representaciones profesionales bajo circunstancias similares a las de este caso para evitar la ambigüedad en las relaciones profesionales con los clientes. Luego de exponer el trasfondo fáctico y procesal de este caso, enmarquemos la controversia dentro del Derecho aplicable.

II

El Código de Ética Profesional, *supra*, recoge las normas mínimas de conducta que regulan la profesión de la abogacía y promueven las guías de comportamiento ejemplar para beneficio de la ciudadanía, la profesión y las instituciones de justicia.[7] Los abogados que gozan del privilegio de ser admitidos a este Foro tienen la obligación de actuar siempre de acuerdo a los más altos principios éticos.[8]

A. Canon 9

El ejercicio diligente, responsable y competente de la profesión de la abogacía figura como un supuesto fundamental en el quehacer de los profesionales del

---

[7] In re Guemárez Santiago, 191 DPR 611, 617-618 (2014); In re Ortiz Delgado, 189 DPR 826, 830 (2013); In re Falcón López, 189 DPR 689, 695-696 (2013).

[8] In re Rivera Nazario, 193 DPR 573, 582 (2015); In re Mulero Fernández, 174 DPR 18, 28 (2008).

Derecho.[9] A esos fines, el Canon 9 del Código de Ética Profesional, *supra*, dispone que todo profesional del Derecho "debe observar para con los tribunales una conducta que se caracterice por el mayor respeto". A su vez, este deber crea una obligación inexcusable de atender y responder pronta y rigurosamente nuestras órdenes y requerimientos, más aun cuando se trata de procedimientos disciplinarios.[10]

Así, hemos expresado reiteradamente que el incumplimiento con el deber consagrado en el citado canon acarrea la imposición de sanciones disciplinarias severas, incluyendo, la suspensión indefinida del ejercicio de la profesión de la abogacía.[11] A su vez, hemos expresado que esa violación es independiente de los méritos que pueda tener una queja presentada en contra del abogado.[12]

B. Canon 12

El Canon 12 del Código de Ética Profesional, *supra,* le impone al abogado el deber ineludible de tramitar las

---

[9] In re Maldonado Giuliani, 2016 TSPR 116, 195 DPR ___ (2016). Véase, también: In re Oyola Torres, 2016 TSPR 73, 195 DPR ___ (2016); In re Toro Imbernón, 2016 TSPR 8, 194 DPR ___ (2016); In re Salas González, 193 DPR 387 (2015).

[10] In re Maldonado Giuliani, supra; In re Oyola Torres, supra. Véase, además: In re Santiago Rodríguez, 2016 TSPR 43, 194 DPR ___ (2016); In re Ortiz Walter, 2016 TSPR 26, 194 DPR ___ (2016).

[11] In re Morales Rodríguez, 2016 TSPR 143, 195 DPR ___ (2016); In re Lebrón Arroyo, 2016 TSPR 49, 195 DPR ___ (2016); In re De Jesús Román, 192 DPR 799 (2015); In re Martínez Rodríguez, 192 DPR 539, 542 (2015); In re Aponte Sánchez, 178 DPR 647, 649 (2010).

[12] In re Maldonado Giuliani, supra; In re Crespo Peña, 2016 TSPR 65, 195 DPR ___ (2016).

causas de manera responsable, puntual y diligente.[13] Específicamente, este canon dispone lo siguiente:

> Es deber del abogado hacia el tribunal, sus compañeros, las partes y testigos, ser puntual en su asistencia y conciso y exacto en el trámite y presentación de las causas. Ello implica el desplegar todas las diligencias necesarias para asegurar que no se causen indebidas dilaciones en su tramitación y solución. Sólo debe solicitar la suspensión de vista cuando existan razones poderosas y sea indispensable para la protección de los derechos sustanciales de su cliente.

Reiteradamente hemos expresado que la incomparecencia injustificada a las vistas señaladas por el tribunal, así como las actuaciones y omisiones que pongan en riesgo la causa de acción de los clientes, son infracciones patentes de este canon.[14] Así, la falta de diligencia en la tramitación de los casos es una conducta irresponsable y contraria a lo establecido en el citado canon.[15] Además, el deber de ser puntual en el trámite del litigio y desplegar todas las diligencias necesarias frente al tribunal debe cumplirse por el abogado en todas las etapas del pleito.[16]

Cónsono con lo anterior, hemos destacado que los abogados deben observar estrictamente las órdenes judiciales, pues la continua desobediencia de las providencias judiciales demuestra una infracción seria de

---

[13] In re Nazario Díaz, 2016 TSPR 111, 195 DPR ___ (2016); In re Hernández González, 188 DPR 721, 727 (2013).

[14] Íd.; In re Valentín Custodio, 187 DPR 529, 543 (2012).

[15] Íd.

[16] In re Muñoz Morell, 182 DPR 738, 750 (2011).

los principios básicos de la ética profesional que exigen el mayor respeto hacia los juzgados.[17] Ello pues, el comportamiento de un abogado "no debe ser otro que el fiel cumplimiento de la ley y el respeto al poder judicial".[18]

C. Canon 18

Por otra parte, el Canon 18 del Código de Ética Profesional, *supra*, le impone a todo abogado el deber de defender los intereses de su cliente de forma capaz y diligente, "desplegando en cada caso su más profundo saber y habilidad y actuando en aquella forma que la profesión jurídica en general estima adecuada y responsable".[19] Por consiguiente, cuando un abogado acepta la encomienda de representar a una persona y no la ejecuta de forma adecuada y responsable, infringe el referido canon.[20]

Al asumir la representación de un cliente, el abogado se obliga a realizar todas las gestiones posibles, dentro del marco de la ética, en beneficio de su cliente.[21] En ese sentido, al ejercer la profesión legal no hay espacio para que los abogados actúen con displicencia, dejadez y desidia en la tramitación de los

---

[17] In re Cuevas Borrero, 185 DPR 189, 198 (2012).

[18] Íd.

[19] In re Nazario Díaz, supra, In re Cotto Luna, 187 DPR 584, 588-589 (2012).

[20] In re Nazario Díaz, supra.

[21] Íd.; In re Cuevas Borrero, supra, pág. 199.

asuntos que le han sido encomendados.[22] Por tal motivo, este deber de diligencia profesional genera una obligación frente al cliente y los tribunales en la administración de la justicia.[23]

Por consiguiente, un abogado contraviene el Canon 18, *supra*, cuando exhibe una conducta negligente que pueda acarrear la desestimación de un caso o la pérdida de la causa de acción de su representado.[24] De igual forma se infringe este canon al no responder a planteamientos medulares, al ignorar órdenes judiciales o administrativas, al incurrir en errores crasos al desatender o abandonar el trámite de un caso y al permitir que la acción se desestime sin realizar esfuerzos para evitarlo.[25]

Ahora bien, cuando un abogado pierde contacto con su cliente y están por vencerse los términos para presentar una causa de acción, su responsabilidad ética está sujeta al grado de diligencia que despliegue para contactar a su representado.[26] Es decir, el abogado deberá efectuar esfuerzos razonables y diligentes dirigidos a restablecer la comunicación con su cliente y advertirle

---

[22] In re Nazario Díaz, supra; In re Díaz Nieves, 189 DPR 1000, 1012 (2013).

[23] In re Nazario Díaz, supra; In re Hoffman Mouriño, 170 DPR 968, 981 (2007).

[24] In re Nazario Díaz, supra; In re Pietri Torres, 191 DPR 482, 488 (2014).

[25] Íd. Véase, además, In re Vega Quintana, 188 DPR 536, 543 (2013).

[26] In re Nazario Díaz, supra; In re Pinto Andino, 156 DPR 259, 265 (2002).

de la situación procesal del asunto encomendado.[27] Una vez se presenta la acción, si las gestiones para contactar al cliente resultasen infructuosas, el abogado puede solicitar la autorización del foro para renunciar a la representación. En ese sentido, es indispensable que el letrado descargue su obligación ética e informe el problema al tribunal, acreditando las gestiones que llevó a cabo para contactar a su representado. Así, el foro correspondiente ponderará la suficiencia de esos esfuerzos.[28]

D. Canon 20

Como parte de los deberes del abogado hacia su cliente, el Canon 20 del Código de Ética Profesional, *supra*, establece el procedimiento a seguir para ser relevado de una representación profesional. A esos fines, hemos expresado que cuando un cliente es negligente y no coopera con su abogado en la tramitación de su caso, el abogado debe renunciar a su representación legal. De lo contrario, el abogado no estaría representando adecuadamente a su cliente, lo cual constituye un error de juicio y una violación al Canon 20 del Código de Ética Profesional, *supra*.[29] La renuncia del abogado está sujeta a que ésta sea autorizada por el foro pertinente y que

---

[27] Íd.

[28] Íd.; In re Pinto Andino, supra, págs. 266-267.

[29] In re Nazario Díaz, supra; In re Ramos Hernández, 183 DPR 647, 655 (2011).

tome las medidas razonables para evitar ocasionarle un perjuicio a los derechos sustantivos de su representado.[30]

E. Canon 24

El Canon 24 del Código de Ética Profesional, *supra*, regula lo relacionado a los contratos de servicios profesionales y los honorarios de abogados.[31] Además, este canon establece los factores que deben considerarse al momento de fijar los honorarios de abogado y establece que "[e]s deseable que se llegue a un acuerdo sobre los honorarios a ser cobrados por el abogado al inicio de la relación profesional y que **dicho acuerdo sea reducido a escrito**". (Énfasis suplido). Por último, el Canon 24, *supra*, prescribe que cuando un abogado acepta representar a un cliente "debe considerar que le debe a éste un máximo de esfuerzo profesional en la medida de su talento y preparación". Así pues, esta disposición está estrechamente relacionada al deber de diligencia y competencia que encarna el antes citado Canon 18 de Ética Profesional, *supra*.

Reiteradamente, hemos señalado que la mejor práctica es que el abogado reduzca a escrito un contrato de servicios profesionales en aquellos casos en que la extensión y el valor de sus servicios no sean fácilmente calculables al inicio de la relación contractual.[32] Una

---

[30] Íd.

[31] In re Rodríguez Cora, 193 DPR 447, 457 (2015); Nassar Rizek v. Hernández, 123 DPR 360, 369 (1989).

[32] In re Rodríguez Cora, supra, pág. 458.

vez reducido a escrito, el contrato deberá contener los términos de la relación obligacional, libre de ambigüedades y haciendo constar las contingencias previsibles que pudieran surgir durante el transcurso del pleito.[33] De este modo se evitan potenciales controversias con los clientes relacionadas con la compensación por los servicios profesionales prestados.[34]

III

A

La Procuradora General formuló cinco cargos en contra del licenciado Montalvo Delgado en la querella presentada. En los primeros tres cargos se le imputa haber infringido los preceptos enunciados en los Cánones 9, 12 y 18 del Código de Ética Profesional, *supra*. Específicamente, indicó que el querellado incumplió con las órdenes del tribunal, no compareció oportunamente por escrito para explicar sus tardanzas o las situaciones que le impidieron cumplir diligentemente con los asuntos relacionados al caso y presentó escritos fuera de término ante el Tribunal de Apelaciones.

Ante esos señalamientos, el licenciando Montalvo Delgado indicó que su desempeño fue adecuado, ya que hizo planteamientos de Derecho, se opuso oportunamente a los señalamientos de la parte contraria, presentó escritos y

---

[33] Íd. Véanse, además: In re Rodríguez Mercado, 165 DPR 630, 642 (2005); Pérez v. Col. Cirujanos Dentistas de P.R., 131 DPR 545 (1992); Ramírez, Segal & Látimer v. Rojo Rigual, 123 DPR 161 (1989); Colón v. All Amer. Life & Cas. Co., 110 DPR 772 (1981).

[34] In re Rodríguez Cora, supra. Véase, también, In re Rodríguez Mercado, supra, pág. 643.

colaboró en el descubrimiento de prueba. Además, el querellado reconoció el hecho relacionado a la sanción económica que le impuso el Tribunal de Primera Instancia por incumplimiento con las órdenes del tribunal. No obstante, manifestó que la tardanza en presentar las contestaciones a unos interrogatorios se debió a que el señor Legarreta Rivera estaba fuera de Puerto Rico, lo cual dificultaba realizar los trámites necesarios. A su vez, sostuvo que las comunicaciones con el quejoso ocurrían a través de su hija.

Por otro lado, sobre las imputaciones de que presentaba mociones con números incorrectos, el licenciado Montalvo Delgado indicó que esto se debió al curso de acción que se siguió al atender el caso en el Tribunal de Primera Instancia, lo cual favoreció la confusión en la numeración. Ello pues, el foro de instancia decidió consolidar el primer caso, terminado hace varios años, con el actual. Además, indicó que el mismo tribunal de instancia corregía los números, por lo cual ese error no le causó daño alguno al quejoso en su representación.

Finalmente, en cuanto al asunto de las apelaciones presentadas fuera de término, el licenciado Montalvo Delgado señaló que faltaban partes indispensables en el pleito, por lo cual el Tribunal de Apelaciones ordenó la publicación de edictos para notificar la sentencia a tales partes. Así, explicó que el primer recurso

apelativo fue presentado antes de que se publicaran los referidos edictos, por lo cual éste fue desestimado por prematuro. En cuanto a la segunda apelación presentada, el abogado indicó que, luego de la publicación de los edictos, para la fecha en que éste fue notificado ya había transcurrido el término para apelar por dos días, razón por la cual presentó el recurso apelativo de forma tardía.

La Comisionada Especial aceptó en su informe la ocurrencia de los incidentes procesales relacionados al licenciado Montalvo Delgado. Es decir, en su informe ésta reconoció el historial de incomparecencias del abogado, la desatención a un término para descubrir prueba, la confusión en la enumeración del caso y la presentación de dos apelaciones fuera de término. Ahora bien, la Comisionada Especial considera que ninguna de las faltas cometidas tiene trascendencia ética pues, a su entender, esos incidentes se corrigen procesalmente y los derechos del señor Legarreta Rivera no se vieron afectados. Sin embargo, no coincidimos con su apreciación.

Luego de estudiar con detenimiento el expediente, entendemos que el licenciado Montalvo Delgado violó los Cánones 9, 12 y 18 de Ética Profesional, *supra*. Ello, al incumplir reiteradamente con las órdenes del tribunal sumado a una serie de incomparecencias injustificadas del abogado a vistas pautadas por el foro de instancia, causando una dilación indebida en la tramitación del

caso. Además, del expediente no surge que el abogado haya presentado alguna moción al tribunal explicando las razones que le impedían cumplir con los términos concedidos o solicitando que estos fueran ampliados, en contravención a sus deberes éticos. Las justificaciones fueron presentadas en una moción de reconsideración, luego de que el tribunal le impusiera la sanción económica. Por otro lado, a pesar de que la sanción impuesta fue pagada por el abogado y no por el quejoso, como éste indicó, lo cierto es que dicha actuación no refleja la diligencia que el canon le requiere desplegar a todo abogado en la tramitación de su caso. A su vez, no hay duda sobre la presentación inoportuna de dos recursos ante el Tribunal de Apelaciones, los cuales fueron desestimados, uno por prematuro y el otro por tardío. Indudablemente, su desempeño dista mucho de ser uno responsable, diligente y competente en contravención a las exigencias de los citados cánones.

B

En los cargos IV y V de la querella se le imputa al licenciado Montalvo Delgado haber infringido el Canon 20 y 24 de Ética Profesional, *supra*. Ello, al no entablar una relación profesional con el señor Legarreta Rivera de manera clara y libre de toda ambigüedad y al haber comenzado a representarlo sin que su representación legal previa hubiese presentado la renuncia.

En torno a esto, el querellado sostuvo que el licenciado Morell Morell, ante la imposibilidad de poder seguir representando al señor Legarreta Rivera, lo recomendó con el quejoso. Aduce que el señor Legarreta Rivera aceptó que lo representara, pues se reunió con él y le entregó el expediente del caso. Además, el abogado señaló que recibió pagos de honorarios de parte del quejoso, lo cual también demostraba que éste aceptó su representación.

En cuanto a estas imputaciones, la Comisionada Especial entendió que las aseveraciones del señor Legarreta Rivera en contra del licenciado Montalvo Delgado "no se ajustan a la verdad de lo que realmente ocurrió y el testimonio no contradicho del licenciado Morell Morell en estos procedimientos disciplinarios las desmienten; y la prueba documental e incidentes celebrados, demuestran sin lugar a dudas la forma y manera en que advino a ser representante legal de Don Raúl el Lic. Miguel Montalvo Delgado".[35]

De la prueba presentada ante la Comisionada Especial surge que el licenciado Montalvo Delgado se unió a la representación legal del señor Legarreta Rivera, lo cual fue aceptado por el Tribunal de Primera Instancia. Además, no albergamos duda de que la relación profesional surgida entre el licenciado Montalvo Delgado y el señor

---

[35] Véase *Informe de la Comisionada Especial Eliadís Orsini Zayas.*

Legarreta Rivera no se realizó por escrito, sino que los acuerdos fueron verbales.

Como mencionamos anteriormente, es deseable que los honorarios a ser cobrados sean acordados por el abogado y el cliente al comienzo de la relación profesional. A su vez, se recomienda que ese acuerdo sea puesto por escrito. Ello, con el propósito de evitar dudas o malas interpretaciones entre el abogado y su cliente. No obstante, un acuerdo verbal de servicios profesionales es tan válido como uno escrito. En ese sentido, al evaluar la prueba presentada, la Comisionada Especial consideró que el acuerdo verbal fue legítimo y que el señor Legarreta Rivera aceptó la representación legal del licenciado Montalvo Delgado bajo los mismos términos establecidos en el contrato otorgado con el licenciado Morell Morell.

Conforme a lo dispuesto anteriormente, consideramos que las determinaciones de hecho de la Comisionada Especial en torno a los términos de la relación abogado cliente se sostienen con la evidencia que tuvo ante su consideración. Por lo tanto, no existe razón para intervenir con éstas. Por consiguiente, entendemos que el licenciado Montalvo Delgado no infringió los Cánones 20 y 24 de Ética Profesional, *supra*. No obstante, exhortamos al abogado a que en el futuro suscriba sus contratos de servicios profesionales por escrito al comienzo de una

relación abogado cliente para prevenir futuras desavenencias y ambigüedades.

Ahora bien, ante el cuadro fáctico descrito y según nuestra facultad reguladora, nos vemos obligados a declinar la recomendación de la Comisionada en cuanto a solo dar una instrucción al abogado sobre la adecuada formulación de los contratos profesionales por escrito. Eso soslayaría el dictamen ético, a pesar de que la prueba demostró una clara y reiterada inobservancia del licenciado Montalvo Delgado con los preceptos éticos que rigen la profesión jurídica.

Por todo lo anterior y considerando que ésta es la primera ocasión en que se toma una medida disciplinaria en contra del letrado, procede que suspendamos del ejercicio de la abogacía y de la práctica de la notaría al licenciado Montalvo Delgado por el término de un mes.

IV

Por los fundamentos expuestos, decretamos la suspensión inmediata del licenciado Montalvo Delgado del ejercicio de la abogacía y la notaría por el término de un mes.

El licenciado Montalvo Delgado deberá notificar de forma inmediata a sus clientes que, por motivo de su suspensión, no podrá continuar proveyéndoles consultoría ni representación legal, y debe devolver a éstos los expedientes de cualquier caso ya atendido o pendiente de resolución y los honorarios que haya percibido por

cualquier trabajo no realizado. De igual manera, tendrá la responsabilidad de informar inmediatamente de su suspensión a todos los foros judiciales y administrativos en los que tenga algún caso pendiente. Deberá acreditar y certificar ante este Tribunal el cumplimiento con todo lo anterior, dentro del término de treinta (30) días, contado a partir de la notificación de la presente Opinión *Per Curiam* y Sentencia.

Se le ordena al Alguacil de este Tribunal incautar inmediatamente la obra y el sello notarial del licenciado Montalvo Delgado y entregarlos al Director de la Oficina de Inspección de Notarías para la correspondiente investigación e informe.

Notifíquese personalmente esta Opinión *Per Curiam* y Sentencia.

Se dictará sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Miguel A. Montalvo Delgado          CP-2013-2       Conducta
      (TS-10,202)                                   Profesional

SENTENCIA

En San Juan, Puerto Rico, a 6 de octubre de 2016.

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, la cual se hace formar parte íntegra de la presente Sentencia, decretamos la suspensión inmediata del Lcdo. Miguel A. Montalvo Delgado del ejercicio de la abogacía y la notaría por el término de un mes.

El licenciado Montalvo Delgado deberá notificar de forma inmediata a sus clientes que, por motivo de su suspensión, no podrá continuar proveyéndoles consultoría ni representación legal, y debe devolver a éstos los expedientes de cualquier caso ya atendido o pendiente de resolución y los honorarios que haya percibido por cualquier trabajo no realizado. De igual manera, tendrá la responsabilidad de informar inmediatamente de su suspensión a todos los foros judiciales y administrativos en los que tenga algún caso pendiente. Deberá acreditar y certificar ante este Tribunal el cumplimiento con todo lo anterior, dentro del término de treinta (30) días, contado a partir de la notificación de la presente Opinión Per Curiam y Sentencia.

Se le ordena al Alguacil de este Tribunal incautar inmediatamente la obra y el sello notarial del licenciado Montalvo Delgado y entregarlos al Director de la Oficina de Inspección de Notarías para la correspondiente investigación e informe.

Así lo pronunció, manda el Tribunal y certifica el Secretario del Tribunal Supremo. La Jueza Presidenta Oronoz Rodríguez hace constar la siguiente expresión:

> "La Jueza Presidenta Oronoz Rodríguez ordenaría la suspensión del querellado de la práctica de la abogacía y de la notaría por un término de tres (3) meses."

La Jueza Asociada señora Pabón Charneco amonestaría. El Juez Asociado señor Colón Pérez hace constar la siguiente expresión:

> "El Juez Asociado señor Colón Pérez -en aras de atender sus preocupaciones en cuanto a la uniformidad que debe prevalecer al momento de imponer sanciones disciplinarias a los abogados y las abogadas por violación a los Cánones de Ética Profesional, 4 LPRA Ap. IX- concurre con el resultado al que llega una mayoría de este Tribunal por entender que la conducta desplegada por el licenciado Montalvo Delgado, la cual se apartó de lo dispuesto en los Cánones 9, 12 y 18 del Código de Ética Profesional, *supra*, debe conllevar la suspensión del licenciado del ejercicio de la abogacía y de la notaría por un término de tres (3) meses. Así hacerlo, le recalca a los abogados y abogadas que forman parte de nuestro sistema de justicia que deben ser sumamente responsables y diligentes en la tramitación de los pleitos ante sí, así como en el cumplimiento de las órdenes emitidas por los jueces y las juezas del Tribunal de Primera Instancia, del Tribunal de Apelaciones o de este Tribunal."

La Juez Asociada señora Rodríguez Rodríguez disiente sin opinión escrita.

Juan Ernesto Dávila Rivera
Secretario del Tribunal Supremo