EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re:<br><br>Teresa Jiménez Meléndez<br>(TS-8152) | 2017 TSPR 119<br><br>198 DPR ____ |

Número del Caso: AB-2016-284


Fecha:   23 de junio de 2017


Abogado de la parte promovida:

        Por derecho propio


Oficina del Procurador General:

        Lcdo. Joseph Feldstein Del Valle
        Subprocurador general

        Lcda. Laura Robles Vega
        Procuradora General Auxiliar


Materia:   La suspensión será efectiva el 27 de junio de 2017, fecha en que se le notificó a la abogada de su suspensión inmediata.


Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

*In re*:

Teresa Jiménez Meléndez        AB-2016-284      Conducta
       (TS-8152)                                 Profesional

*PER CURIAM*

En San Juan, Puerto Rico, a 23 de junio de 2017.

Una vez más nos vemos precisados a suspender inmediata e indefinidamente a un miembro de la profesión legal por desatender las órdenes emitidas por este Tribunal y los requerimientos de la Oficina del Procurador General. Veamos.

I

La Lcda. Teresa Jiménez Meléndez (licenciada Jiménez Meléndez) fue admitida al ejercicio de la abogacía el 10 de enero de 1986 y a la práctica de la notaría el 26 de febrero del mismo año.

El 13 de septiembre de 2016 la Sra. Alba L. Ramos Díaz (señora Ramos Díaz) presentó una Queja en contra de la licenciada Jiménez Meléndez. Conforme al procedimiento establecido en la Regla 14 (c) del

Reglamento del Tribunal Supremo de Puerto Rico, 4 LPRA Ap. XXI-B (Supl. 2016), el 22 de septiembre de 2016 se le concedió a la letrada un término de diez (10) días para contestar la Queja.

Ante la incomparecencia de la letrada, el 25 de octubre de 2016 se le envió una **segunda notificación.** En esta ocasión, se le concedió un **término final** de diez (10) días para presentar su reacción a la Queja. Además, en dicha misiva se le apercibió que, de no contestar en el término provisto, se estaría refiriendo el asunto al Pleno de este Tribunal para la acción correspondiente. Esta segunda comunicación llegó devuelta por el servicio de correo postal el 27 de diciembre de 2016.

El 9 de enero de 2017 la Secretaría de este Tribunal logró comunicación telefónica con la letrada. Ésta confirmó que la dirección a la cual se le habían enviado las comunicaciones era la correcta. No obstante, informó que había tenido problemas con el correo postal, por lo que solicitó que se le enviaran los documentos por correo electrónico. Esa misma tarde se le remitió a las direcciones de correo electrónico que tenía consignadas en el Registro Único de Abogados y Abogadas de Puerto Rico (RUA) una copia de la Queja presentada por la señora Ramos Díaz y las dos (2) cartas que se le habían enviado previamente.[1] Además, se le otorgó un nuevo término de diez (10) días para comparecer ante nos y contestar la Queja.

---

[1] Entiéndase las cartas emitidas el 22 de septiembre y el 25 de octubre de 2016 por la Secretaría de este Tribunal.

Vencido el término sin recibir respuesta alguna de parte de la licenciada Jiménez Meléndez, el 7 de febrero de 2017 se le refirió el expediente al Procurador General para investigación e informe a tenor de la Regla 14(d) de nuestro Reglamento, *supra*. Así las cosas, el 22 de febrero de 2017 la Oficina del Procurador General le remitió a la letrada, vía correo electrónico, una misiva mediante la cual le requirió que presentara su contestación a la Queja en un término no mayor de cinco (5) días, en aras de llevar a cabo la investigación correspondiente.[2] En dicho comunicado se le advirtió que:

> [E]l Canon 9 del Código de Ética Profesional impone a los abogados la responsabilidad de responder los requerimientos del Tribunal Supremo, por lo que la desatención de las órdenes emitidas durante la tramitación de un procedimiento disciplinario pudiera conllevar sanciones disciplinarias. Asimismo, están expuestos a sanciones disciplinarias los abogados que no cumplan con las solicitudes de nuestra Oficina.
>
> Por tanto, se le apercibe que el incumplimiento con esta solicitud pudiera conllevar la imposición de sanciones disciplinarias.

A pesar de los apercibimientos de la Oficina del Procurador General, la licenciada Jiménez Meléndez tampoco compareció en el término provisto. Es por ello que el 10 de abril de 2017 el Procurador General nos sometió su Informe en el cual concluyó que la licenciada Jiménez

---

[2]   El día antes, es decir, el 21 de febrero de 2017, la Oficina del Procurador General se comunicó por teléfono con la letrada y le informó que se le estaría enviando dicha solicitud.

Meléndez no fue diligente ni respondió responsablemente los requerimientos del Tribunal Supremo y de la Oficina del Procurador General, razón por la cual infringió los preceptos consignados en el Canon 9 del Código de Ética Profesional, 4 LPRA AP. IX (2012). En consecuencia, recomendó la imposición de sanciones disciplinarias.

Examinado el *Informe del Procurador General*, el 12 de mayo de 2017 emitimos una Resolución concediéndole a la togada un término de diez (10) días para que compareciera y mostrara causa por la cual no debía ser suspendida del ejercicio de la profesión legal por ignorar los requerimientos del Procurador General y de este Tribunal. Dicha Resolución se le notificó personalmente a la letrada el 18 de mayo de 2017. El 30 de mayo de 2017 la licenciada Jiménez Meléndez solicitó una prórroga de cinco (5) días para comparecer mediante representación legal, lo cual acogimos en nuestra Resolución emitida el 31 de mayo de 2017 y notificada el 1 de junio de 2017. No obstante, vencido dicho plazo adicional, la licenciada Jiménez Meléndez tampoco compareció.

II

Al prestar juramento para ejercer la profesión legal, los togados se comprometen a obedecer, con lealtad y fidelidad, aquellos deberes y responsabilidades que les impone la ley y el Código de Ética Profesional. 4 LPRA Ap. IX (2012 y Supl. 2016). En específico, el Canon 9 de dicho cuerpo normativo prescribe que los togados deben exhibir una conducta de respeto hacia los tribunales. Lo anterior

conlleva el cumplimiento oportuno y diligente de las órdenes y requerimientos emitidos por los foros judiciales, más aún cuando los mismos se originan dentro de un procedimiento disciplinario. *In re* Mangual Acevedo, 2017 TSPR 66; 197 DPR ___ (2017); *In re* Marín Serrano, 2017 TSPR 34, 197 DPR ____ (2017); *In re* Montalvo Delgado, 2016 TSPR 223, 196 DPR ____ (2016); *In re* Prado Galarza, 195 DPR 894 (2016). Las obligaciones consignadas en el Canon 9 se extienden, además, a los requerimientos de la Oficina del Procurador General, de la Oficina de Inspección de Notarías y del Programa de Educación Jurídica Continua, por ser entidades con funciones que inciden en la fiscalización de la profesión legal. *In re* Montañez Melecio, 2017 TSPR 15, 197 DPR ___ (2017). Mostrarse indiferente hacia los requerimientos de un tribunal y de los entes antes mencionados contraviene los postulados consagrados en dicho Canon, lo que puede sujetar a los abogados a sanciones disciplinarias severas, como la suspensión del ejercicio de la profesión. *In re* Abadía Muñoz *et al.*, 2017 TSPR 1, 197 DPR ___ (2017); *In re* Montalvo Delgado, *supra*; *In re* Torres Román, 195 DPR 882 (2016). Ello es así pues desatender los requerimientos realizados en el curso de un procedimiento disciplinario denota indisciplina, desobediencia, displicencia, falta de respeto y contumacia hacia las autoridades y revela una gran fisura del buen carácter que debe exhibir todo miembro de la profesión legal. *In re* Ortiz Medina, 2017 TSPR 72, 197 DPR ___ (2017).

III

Una vez presentada la Queja en cuestión, este Foro realizó un sinnúmero de gestiones vía correo postal, teléfono y correo electrónico, concediéndole a la letrada múltiples oportunidades para que sometiera su reacción a la misma, pero la licenciada Jiménez Meléndez no cumplió con nuestras órdenes. Del mismo modo, la letrada hizo caso omiso a los requerimientos de la Oficina del Procurador General, a pesar de haber sido apercibida de la posible imposición de sanciones disciplinarias por sus incumplimientos. Tan reciente como el 12 de mayo de este año emitimos una orden para que mostrara causa por la cual no debía ser suspendida del ejercicio de la profesión legal.[3] No obstante, a pesar de todas las oportunidades brindadas, la licenciada Jiménez Meléndez volvió a ignorar nuestras órdenes.

IV

De conformidad con el derecho aplicable, así como por la conducta exhibida por la Lcda. Teresa Jiménez Meléndez, decretamos su suspensión inmediata e indefinida del ejercicio de la abogacía y de la notaría. En virtud de lo anterior, su fianza notarial queda automáticamente cancelada.[4] Le ordenamos a la señora Jiménez Meléndez notificar a todos sus clientes de su inhabilidad para

---

[3] Según indicado anteriormente, esta Orden se le notificó **personalmente** a la Lcda. Teresa Jiménez Meléndez.

[4] La fianza se considerará buena y válida por tres años después de su terminación dados los actos realizados por la licenciada Jiménez Meléndez durante el periodo en que la misma estuvo vigente.

continuar representándolos y devolverles tanto los expedientes de los casos pendientes como los honorarios recibidos por trabajos no rendidos, e informar inmediatamente de su suspensión a los distintos foros judiciales y administrativos en los que tenga algún asunto pendiente. Además, deberá acreditar ante este Tribunal el cumplimiento con lo anterior, dentro del término de treinta (30) días, a partir de la notificación de esta Opinión *Per Curiam* y Sentencia. No hacerlo pudiere conllevar que no se le reinstale cuando lo solicite.

De otra parte, se le ordena al Alguacil de este Foro incautar inmediatamente la obra y el sello notarial de la señora Jiménez Meléndez y entregarlos al Director de la Oficina de Inspección de Notarías para el correspondiente examen e informe. Notifíquese personalmente esta Opinión *Per Curiam* y Sentencia a la señora Jiménez Meléndez a través de la Oficina del Alguacil de este Tribunal.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re*:

Teresa Jiménez Meléndez          AB-2016-284          Conducta
     (TS-8152)                                        Profesional


SENTENCIA

En San Juan, Puerto Rico a 23 de junio de 2017.

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, la cual se hace formar parte íntegra de la presente Sentencia, decretamos la suspensión inmediata e indefinida de la Lcda. Teresa Jiménez Meléndez del ejercicio de la abogacía y de la notaría. En virtud de lo anterior, su fianza notarial queda automáticamente cancelada.

La señora Jiménez Meléndez deberá notificar a todos sus clientes de su inhabilidad para continuar representándolos y devolverles tanto los expedientes de los casos pendientes como los honorarios recibidos por trabajos no rendidos, e informar inmediatamente de su suspensión a los distintos foros judiciales y administrativos en los que tenga algún asunto pendiente. Asimismo, deberá acreditar ante este Tribunal el cumplimiento con lo anterior, dentro del término de treinta (30) días, contado a partir de la notificación de la Opinión *Per Curiam* que antecede y de esta Sentencia.

De otra parte, se le ordena al Alguacil de este Foro incautar inmediatamente la obra y el sello notarial de la señora Jiménez Meléndez y entregarlos al Director de la Oficina de Inspección de Notarías

para el correspondiente examen e informe. Notifíquese personalmente la Opinión *Per Curiam* que antecede y esta Sentencia a la señora Jiménez Meléndez a través de la Oficina del Alguacil de este Tribunal.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo.


Juan Ernesto Dávila Rivera
Secretario del Tribunal Supremo