EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re: | 2025 TSPR 135 |
| | |
| Antonio Ortiz Rodríguez<br>(TS-6,586) | 216 DPR ___ |

Número del Caso: AB-2025-0059


Fecha: 5 de diciembre de 2025



Materia: Conducta Profesional – Suspensión inmediata e indefinida del ejercicio de la abogacía y la notaría por violación al Canon 9 del Código de Ética Profesional.

Este documento está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal Supremo. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Antonio Ortiz Rodríguez          AB-2025-0059
    (TS-6,586)

PER CURIAM

En San Juan, Puerto Rico, a 5 de diciembre de 2025.

Por las razones que exponemos a continuación, nos corresponde ejercer nuestra facultad disciplinaria para suspender de forma inmediata e indefinida del ejercicio de la abogacía y la notaría a un integrante de la profesión legal.

I

El Lcdo. Antonio Ortiz Rodríguez fue admitido al ejercicio de la abogacía el 7 de noviembre de 1979 y prestó juramento como notario el 15 de enero de 1980.

El 7 de marzo de 2025, la Sra. Justina Santiago Rivera presentó una queja en contra del licenciado Ortiz Rodríguez en la que alegó que el letrado no fue diligente en el desempeño de sus funciones y como

producto de ello, se le anotó la rebeldía en una demanda sobre liquidación de comunidad de bienes. Además, sostuvo que el togado no la mantuvo informada sobre el estatus de los procedimientos, por lo que se vio en la obligación de acudir personalmente al tribunal para recibir orientación. Por tanto, solicitó que el licenciado Ortiz Rodríguez le devolviera la cantidad adelantada en concepto de honorarios en caso de que no fuese a representarla más.

El 7 de abril de 2025, enviamos copia de la queja presentada por la señora Santiago Rivera al licenciado Ortiz Rodríguez. Junto con esta, lo apercibimos de su deber de contestar la queja y notificar su contestación a la señora Santiago Rivera, según lo dispone la Regla 14(c) del Reglamento del Tribunal Supremo, 4 LPRA Ap. XXI-B. No habiendo recibido contestación por parte del licenciado Ortiz Rodríguez, el 28 de abril de 2025 le concedimos un segundo término de diez (10) días para presentar su contestación.

Consecuentemente, el 14 de mayo de 2025 el licenciado Ortiz Rodríguez presentó una carta en la que constató haber recibido copia de la queja de referencia. Además, informó que desde el 2023 su esposa ha estado enfrentando problemas de salud que han requerido de su cuidado y que, debido a la queja, no ha presentado su renuncia como representante legal de la señora Santiago Rivera, por lo que solicitaba autorización para así hacerlo. Empero, no se expresó en cuanto a las alegaciones presentadas por la señora Santiago Rivera.

Posteriormente, el 27 de junio de 2025 emitimos una *Resolución* en el caso de autos en la que concedimos un término

de diez (10) días contados a partir de la notificación de la resolución para que el licenciado Ortiz Rodríguez respondiera puntualmente a la queja presentada por la señora Santiago Rivera. No obstante, el término transcurrió sin su comparecencia. Así pues, el 3 de octubre de 2025 le concedimos un término final de diez (10) días para que compareciera y se expresara en cuanto a los méritos de la queja.

Ante el incumplimiento con lo ordenado, el 23 de octubre de 2025 le concedimos un término de veinte (20) días para que mostrara causa por la cual no debíamos suspenderlo inmediata e indefinidamente del ejercicio de la abogacía. Nuevamente, el licenciado Ortiz Rodríguez no cumplió con nuestro requerimiento.

Todas nuestras resoluciones se notificaron a la dirección de correo electrónico consignada en el Registro Único de Abogados y Abogadas (RUA) del licenciado Ortiz Rodríguez. Sin embargo, hasta el día de hoy el letrado no ha comparecido ante nos.

En vista de ello, nos vemos precisados a ejercer nuestra potestad disciplinaria.

II

El Canon 9 del Código de Ética Profesional, 4 LPRA Ap. IX, dispone que los profesionales del derecho deben observar hacia los tribunales una conducta caracterizada por el mayor respeto. In re Vélez Goveo, 214 DPR 528, 533 (2024); In re Lajara Radinson, 207 DPR 854, 863 (2021); In re Cintrón Rodríguez, 205 DPR 299, 308 (2020). En ese sentido, hemos expresado que el respeto al que alude el Canon 9 se despliega

cuando los abogados atienden con premura y obedecen nuestras órdenes. In re Figueroa Carrasquillo, 2025 TSPR 19, 215 DPR __ (2025). Sobre todo, cuando las órdenes se relacionan con un procedimiento disciplinario, los abogados deben prestar atención especial a los requerimientos de esta Curia. Íd. Así pues, cuando un integrante de la profesión legal no cumple con nuestros requerimientos, este invariablemente demuestra menosprecio e indiferencia hacia la autoridad del foro judicial y, por ende, quebranta el Canon 9. In re Vélez Goveo, supra, pág. 534; In re Ortiz Medina, 198 DPR 26, 31 (2017); In re Massanet Rodríguez, 188 DPR 116 (2013).

El deber de emplear atención y obediencia estricta a las órdenes de los foros a los cuales esté obligado a comparecer surge de la propia naturaleza de la función del abogado. In re Irizarry Irizarry, 190 DPR 368, 374 (2014); In re García Ortiz, 187 DPR 507, 524 (2012). Por tanto, "el incumplimiento con este deber demuestra un claro menosprecio a la autoridad de este Tribunal". In re Cardona Estelritz, 201 DPR 607, 613 (2018).

En reiteradas ocasiones, hemos señalado que el incumplimiento con nuestras órdenes y la indiferencia a nuestros apercibimientos sobre sanciones en procesos disciplinarios constituyen causa suficiente para la suspensión inmediata e indefinida de los letrados. Íd.; In re Bauzá Tirado, 211 DPR 633, 636 (2023); In re Torres Trinidad, 211 DPR 65 (2023); In re Ocasio Bravo, 209 DPR 1043 (2022). De modo que una violación del Canon 9 es independiente de los méritos que pueda tener una queja presentada en contra del

abogado. In re Montalvo Delgado, 196 DPR 541, 550 (2016); In re Maldonado Giuliani, 195 DPR 670, 675 (2016).

                                    III

El licenciado Ortiz Rodríguez ha desplegado, sin dudas, una conducta que exhibe un patrón de falta de respeto e indiferencia a nuestras órdenes y apercibimientos. Pese a que se le concedió amplia oportunidad para ello, el licenciado Ortiz Rodríguez no cumplió con ninguno de los requerimientos para que se expresara en cuanto a las alegaciones de la señora Santiago Rivera. En dos ocasiones, le apercibimos que la desatención a nuestras órdenes podría conllevar la suspensión inmediata e indefinida de la profesión jurídica. Aun cuando le exigimos mostrar causa por la cual no debíamos suspenderlo, en claro menosprecio de nuestra autoridad, el letrado no compareció en ningún momento.

Claramente, la displicencia del licenciado Ortiz Rodríguez contraviene los postulados del Canon 9 del Código de Ética Profesional, supra. Esta conducta, por sí misma, constituye razón suficiente para ejercer nuestro poder disciplinario. Ante esta realidad, nos vemos obligados a suspenderlo inmediata e indefinidamente del ejercicio de la abogacía y la notaría.

                                    IV

Por los fundamentos expuestos, decretamos la suspensión inmediata e indefinida del ejercicio de la abogacía y la notaría del Lcdo. Antonio Ortiz Rodríguez. Como consecuencia, se le impone el deber de notificar a todos sus clientes sobre su inhabilidad para continuar representándoles. Del mismo

modo, se le ordena que devuelva a sus clientes los expedientes de los casos pendientes y cualquier cantidad recibida en honorarios por los servicios no rendidos. Se le impone también la obligación de informar inmediatamente de su suspensión a los foros judiciales y administrativos en los que tenga asuntos pendientes. Por último, acreditará a este Tribunal el cumplimiento con lo aquí ordenado dentro del término de treinta (30) días, contado a partir de la notificación de esta Opinión Per Curiam y Sentencia. No hacerlo podrá conllevar que no se le reinstale en la profesión de así solicitarlo en un futuro.

Por otra parte, se ordena al Alguacil de este Tribunal incautar inmediatamente la obra y el sello notarial del Sr. Antonio Ortiz Rodríguez y entregarlos al Director de la Oficina de Inspección de Notarías (ODIN) para el correspondiente examen e informe. La fianza notarial queda automáticamente cancelada y se considerará buena y válida por tres años después de su terminación en cuanto a los actos realizados durante el periodo en que estuvo vigente.

Notifíquese esta Opinión Per Curiam y Sentencia al señor Ortiz Rodríguez por medio del correo electrónico registrado en el Registro Único de Abogados y Abogadas y personalmente a través de la Oficina del Alguacil de este Tribunal.

Se dictará Sentencia en conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Antonio Ortiz Rodríguez      AB-2025-0059
      (TS-6,586)

SENTENCIA

En San Juan, Puerto Rico, a 5 de diciembre de 2025.

Por los fundamentos antes expuestos en la Opinión Per Curiam que antecede, la cual se hace formar parte de esta Sentencia, decretamos la suspensión inmediata e indefinida del ejercicio de la abogacía y la notaría del Lcdo. Antonio Ortiz Rodríguez. Como consecuencia, se le impone el deber de notificar a todos sus clientes sobre su inhabilidad para continuar representándoles. Del mismo modo, se le ordena que devuelva a sus clientes los expedientes de los casos pendientes y cualquier cantidad recibida en honorarios por los servicios no rendidos. Se le impone también la obligación de informar inmediatamente de su suspensión a los foros judiciales y administrativos en los que tenga asuntos pendientes. Por último, acreditará a este Tribunal el cumplimiento con lo aquí ordenado dentro del término de treinta (30) días, contado a partir de la notificación de esta Opinión Per Curiam y Sentencia. No hacerlo podrá conllevar que no se le reinstale en la profesión de así solicitarlo en un futuro.

Por otra parte, se ordena al Alguacil de este Tribunal incautar inmediatamente la obra y el sello notarial del Sr. Antonio Ortiz Rodríguez y entregarlos al Director de la Oficina de Inspección de Notarías

(ODIN) para el correspondiente examen e informe. La fianza notarial queda automáticamente cancelada y se considerará buena y válida por tres años después de su terminación en cuanto a los actos realizados durante el periodo en que estuvo vigente.

Notifíquese esta Opinión Per Curiam y Sentencia al señor Ortiz Rodríguez por medio del correo electrónico registrado en el Registro Único de Abogados y Abogadas y personalmente a través de la Oficina del Alguacil de este Tribunal.

Lo acordó el Tribunal y lo certifica el Secretario del Tribunal Supremo.


Javier O. Sepúlveda Rodríguez
Secretario del Tribunal Supremo