EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re: | |
|--------|--------------------|
| | 2026 TSPR 21 |
| Adolfo Matías Balaguer (TS-20,187) | 217 DPR ___ |

Número del Caso: AB-2025-0079


Fecha: 6 de marzo de 2026


Representante legal del promovido:

    Por derecho propio


Materia: Conducta Profesional – Suspensión inmediata e indefinida del ejercicio de la abogacía y la notaría por violación a las Reglas 3.3, 8.1 y 8.4 de Conducta Profesional.

Este documento está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal Supremo. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Adolfo Matías Balaguer            AB-2025-0079
    (TS-20,187)

PER CURIAM

En San Juan, Puerto Rico, a 6 de marzo de 2026.

En esta ocasión, nos encontramos ante el incumplimiento continuo de nuestras órdenes y apercibimientos por parte de uno de los miembros de la profesión de la abogacía.

Ante la entrada en vigor de las nuevas Reglas de Conducta Profesional, infra, nos vemos precisados a exponer la norma vinculante, lo cual, a su vez, nos permite ejercer nuestra facultad disciplinaria en estos casos. En aplicación del nuevo cuerpo normativo y por las razones que exponemos a continuación, nos corresponde suspender de forma inmediata e indefinida del ejercicio de la abogacía y la notaría al Lcdo. Adolfo Matías Balaguer.

I

El licenciado Matías Balaguer fue admitido al ejercicio de la abogacía el 20 de febrero de 2015 y prestó juramento como notario el 4 de enero de 2017.

El 26 de marzo de 2025, la Sra. Brunilda Cáceres Bonilla presentó una queja en contra del licenciado Matías Balaguer. Alegó que en abril de 2024 contrató al letrado para una gestión de herencia, por la que pagó en honorarios una cantidad de $3,000. Pese a lo anterior, indicó la señora Cáceres Bonilla que el licenciado dejó de responder sus llamadas y mensajes de texto. Señaló que, a la fecha del 21 de marzo de 2025, el letrado aún no se había comunicado con ella. Por tanto, solicitó que el licenciado Matías Balaguer le devolviera la cantidad adelantada en concepto de honorarios, ya que este no hizo la gestión por la cual fue contratado y ya no requiere sus servicios.

El 14 de abril de 2025, enviamos copia de la queja presentada por la señora Cáceres Bonilla al licenciado Matías Balaguer. Asimismo, le apercibimos de su deber de contestar la queja y notificar su contestación a la señora Cáceres Bonilla, según lo dispone la Regla 14(c) de nuestro Reglamento, 4 LPRA Ap. XXI-B. Sin embargo, no recibimos respuesta del letrado. En consecuencia, el 8 de mayo de 2025 le concedimos al licenciado Matías Balaguer un segundo término para presentar su contestación.

Una vez más, no recibimos la contestación del licenciado Matías Balaguer. Así las cosas, el 17 de junio de 2025 emitimos una *Resolución* en la que conferimos un término de diez días

para que el licenciado Matías Balaguer compareciera y mostrara causa por la cual no debíamos suspenderlo del ejercicio de la abogacía por el incumplimiento con las órdenes de este Tribunal.

Al no comparecer oportunamente, el 18 de julio de 2025 emitimos una segunda *Resolución* en la que concedimos un término adicional de diez días. Asimismo, ordenamos la notificación personal de la Resolución.

El 7 de agosto de 2025, el Alguacil de este Tribunal nos informó que se comunicó con el letrado para corroborar su dirección física, y este le indicó que se encontraba hospitalizado y recibiendo tratamiento en el Hospital Bella Vista en Mayagüez por haber sufrido un derrame cerebral y dos infartos al corazón. Además, nos informó que orientó al licenciado Matías Balaguer de que debía comunicarse con la Secretaría de este Tribunal y que le entregó a la mano nuestra Resolución.

El 15 de agosto de 2025, compareció el licenciado Matías Balaguer ante nos mediante una *Moción en cumplimiento de orden para mostrar causa*. En síntesis, expresó que al momento se encontraba recluido en el Hospital Bella Vista en Mayagüez debido a que el 7 de octubre de 2024 sufrió un derrame cerebral y dos infartos al corazón, por lo que estaba encamado. Indicó, además, que estuvo en estado de coma por veintiocho días y que ha perdido la facultad de escribir y caminar. Asimismo, expresó que recibió la *Resolución* con fecha del 18 de julio de 2025, que al momento desconocía sobre las quejas presentadas en su contra y que no había recibido notificación alguna, por lo que

nunca tuvo intención de incumplir con las órdenes emitidas por este Tribunal.

Posteriormente, el 31 de octubre de 2025 emitimos una *Resolución* en la que examinamos la *Moción en cumplimiento de orden* y concedimos un término final de sesenta días para que el licenciado Matías Balaguer presentara su contestación a la queja presentada por la señora Cáceres Bonilla.

No habiendo comparecido el letrado en el término dispuesto, el 16 de enero de 2026 concedimos un término final e improrrogable de quince días para que el letrado mostrara causa por la cual no debíamos suspenderlo del ejercicio de la abogacía. Nuevamente, el licenciado Matías Balaguer no cumplió con nuestro requerimiento.

Todas nuestras Resoluciones se notificaron a la dirección de correo electrónico consignada en el Registro Único de Abogados y Abogadas (RUA) del licenciado Matías Balaguer. Sin embargo, hasta el día de hoy el letrado no ha comparecido ante nos.

En virtud de esto, nos vemos precisados a ejercer nuestra potestad disciplinaria.

II

Como sabemos, el 17 de junio de 2025 emitimos una *Resolución* para aprobar las nuevas Reglas de Conducta Profesional. Véase, In re Rs. Conducta Prof. PR, 2025 TSPR 64, 216 DPR _ (2025). Establecimos que el nuevo cuerpo normativo entraría en vigor a partir del 1 de enero de 2026. Como consecuencia, a partir de esa fecha, quedó derogado el Código de Ética Profesional de 1970, 4 LPRA Ap. IX (derogado). Solo

regirá el Código de Ética Profesional, supra, cuando se trate de violaciones éticas previas a la vigencia de las nuevas reglas.

En vista de que el letrado incumplió con nuestra orden de mostrar causa emitida el **16 de enero de 2026**, procede aplicar las Reglas de Conducta Profesional.

Ahora bien, la conducta desplegada por el letrado, con anterioridad a la vigencia de las nuevas Reglas de Conducta Profesional, constituye además una transgresión al Canon 9 del Código de Ética Profesional, supra.

## III

Anteriormente el Canon 9 del Código de Ética Profesional, supra, establecía que los abogados debían observar para con los tribunales una conducta caracterizada por el mayor respeto. En numerosas ocasiones, expresamos que aquellos abogados que no velaran nuestras órdenes con premura y atención demostraban un claro menosprecio hacia nuestra autoridad, en violación del principio consagrado en el Canon 9. Véanse, In re Ortiz Rodríguez, 2025 TSPR 135, 216 DPR _ (2025); In re Cardona Estelritz, 201 DPR 607, 613 (2018); In re Ortiz Medina, 198 DPR 26, 31 (2017). Asimismo, expresamos que esta conducta constituye causa suficiente para la suspensión inmediata e indefinida de los profesionales del derecho. In re Ortiz Rodríguez, supra; In re Bauzá Tirado, 211 DPR 633, 636 (2023); In re Torres Trinidad, 211 DPR 65 (2023); In re Ocasio Bravo, 209 DPR 1043 (2022); In re Cardona Estelritz, supra.

Ahora bien, nos corresponde evaluar el alcance del nuevo cuerpo normativo en torno a la conducta que deben observar los profesionales del derecho ante los tribunales.

En términos generales, las nuevas Reglas de Conducta Profesional no constituyen un catálogo exhaustivo de los principios éticos y morales que guían la conducta profesional de los abogados y notarios. Este cuerpo normativo constituye un marco de referencia para la práctica ética de la profesión legal. In re Rs. Conducta Prof. PR, supra, pág. 85 del PDF. Es decir, habrá situaciones que por su naturaleza requerirán que el abogado ejerza su juicio profesional y ético. Análogo a las Reglas Modelo de la American Bar Association (Reglas Modelo de la ABA), este nuevo cuerpo normativo viene acompañado de comentarios cuyo fin es ilustrar el significado y propósito de las reglas. En cuanto a su alcance, los comentarios pretenden ser guías de interpretación, pero no añaden obligaciones adicionales a las que ya surgen de la autoridad reglamentaria.

La Regla 3.3(a) de las Reglas de Conducta Profesional señala que los letrados deben "procurar que en los tribunales prevalezca siempre un ambiente de decoro y formalidad". Íd., pág. 215 del PDF. En los comentarios explicativos de la Regla 3.3, se dispuso:

> [1] La buena marcha del proceso judicial es responsabilidad de cada miembro de la profesión legal. **La persona que ejerce la abogacía debe observar en los tribunales una conducta que se caracterice por el mayor de los respetos.** A su vez, la persona que ejerce la abogacía deberá colaborar para mejorar la calidad de la justicia que se imparte en estos foros. (Negrillas suplidas). Íd., pág. 216 del PDF.

Como se observa, al consagrar el texto del Canon 9 del Código de Ética Profesional, _supra_, la Regla 3.3(a) procura que los profesionales del derecho se conduzcan con respeto ante los tribunales. Esto implica que, toda conducta que lacere la función de los tribunales es contraria a la exigencia ética que surge de la Regla 3.3(a).

Por su parte, la Regla 8.1 de las Reglas de Conducta Profesional reconoce nuestro poder inherente de regular todo asunto relacionado con el ejercicio de la profesión legal. _Íd._, pág. 286 del PDF. Esto incluye la separación de sus miembros. _Íd_.

Análogo a la interpretación que, en su día, le dimos al Canon 9 del Código de Ética Profesional, _supra_, la Regla 8.1(b) de las Reglas de Conducta Profesional consagra aquellas situaciones específicas en que un abogado deja de cumplir con las órdenes o requerimientos de este Tribunal en asuntos disciplinarios. A saber, la regla dispone, en lo pertinente, que aquel letrado que participe de un asunto disciplinario no podrá "incumplir, a sabiendas, con una orden o un requerimiento de información formulado por la autoridad disciplinaria". _In re Rs. Conducta Prof. PR_, _supra_, pág. 286 del PDF. En ese sentido, el incumplimiento con las órdenes de este Tribunal en un caso disciplinario es conducta suficiente para ejercer nuestro poder inherente de disciplinar a los abogados admitidos a nuestra jurisdicción. Por tanto, queda consagrado el deber de atender cabalmente nuestras órdenes, a sabiendas de que su incumplimiento constituye conducta impropia.

Por su parte, la Regla 8.4(a) de las Reglas de Conducta Profesional, dispone que constituye conducta impropia el violar estas Reglas. Íd., pág. 290 del PDF. En los comentarios a la regla, indicamos que las personas que ejercen la abogacía y que violan las disposiciones reglamentarias aquí discutidas, están sujetas a imposición de disciplina profesional. Asimismo, el inciso (d) de la regla referenciada, indica que se considera conducta impropia incurrir en conducta perjudicial a la administración de la justicia. Íd.

Así pues, incumplir con las órdenes de este Tribunal, no solo representa una violación a las Reglas 3.3 y 8.1 de las Reglas de Conducta Profesional, sino que, además, quebranta la confianza depositada en un letrado. Por ello, representa una conducta perjudicial a la administración de la justicia. Íd.

IV

En este caso, el licenciado Matías Balaguer ha incumplido con las órdenes de este Tribunal en un asunto disciplinario en su contra. Su conducta representa una falta de respeto y diligencia a nuestras órdenes y apercibimientos. Luego de una comparecencia inicial, y en aras de lograr que el letrado pudiera cumplir con nuestras órdenes, otorgamos un sinnúmero de términos sucesivos que se trataron con completa indiferencia. En múltiples ocasiones, le apercibimos que la desatención a nuestras órdenes podría conllevar la suspensión inmediata e indefinida de la profesión jurídica. Además, le ordenamos mostrar causa por la cual no debíamos suspenderlo de la profesión, mas este no compareció. Asimismo, ante su estado

de salud, no procuró representación legal que compareciera en su nombre.

Como indicamos anteriormente, la conducta de desidia del licenciado Matías Balaguer constituye conducta sujeta a sanción al amparo, tanto del derogado Canon 9 del Código de Ética Profesional, supra, como de las nuevas Reglas de Conducta Profesional.

En cuanto a las Reglas de Conducta Profesional, destacamos que, al desatender nuestra *Resolución* del 16 de enero de 2026, el licenciado Matías Balaguer incumplió con el deber de decoro y respeto que surge de la Regla 3.3(a) de las Reglas de Conducta Profesional, así como el deber de atender nuestras órdenes que emana de la Regla 8.1(b) de las Reglas de Conducta Profesional.

De igual forma, al violentar las reglas referenciadas, el letrado contravino la Regla 8.4(a) y (d) de las Reglas de Conducta Profesional por incurrir en conducta impropia y perjudicial a la administración de la justicia. A tenor de lo expuesto, el nuevo cuerpo normativo reconoce que la displicencia del letrado es causa suficiente para ejercer nuestra facultad disciplinaria.

En virtud de lo anterior, nos vemos obligados a suspender al licenciado Matías Balaguer inmediata e indefinidamente del ejercicio de la abogacía y la notaría.

V

Por los fundamentos expuestos, decretamos la suspensión inmediata e indefinida del ejercicio de la abogacía y la notaría del Lcdo. Adolfo Matías Balaguer. Como consecuencia,

se le impone el deber de notificar a todos sus clientes sobre su inhabilidad para continuar representándoles. Del mismo modo, se le ordena que devuelva a sus clientes los expedientes de los casos pendientes y cualquier cantidad recibida en honorarios por los servicios no rendidos. Se le impone también la obligación de informar inmediatamente de su suspensión a los foros judiciales y administrativos en los que tenga asuntos pendientes. Por último, acreditará a este Tribunal el cumplimiento con lo aquí ordenado dentro del término de treinta (30) días, contado a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

Por otra parte, se ordena al Alguacil de este Tribunal incautar inmediatamente la obra y el sello notarial del Sr. Adolfo Matías Balaguer y entregarlos al Director de la Oficina de Inspección de Notarías (ODIN) para el correspondiente examen e informe. La fianza notarial queda automáticamente cancelada y se considerará buena y válida por tres años después de su terminación en cuanto a los actos realizados durante el periodo en que estuvo vigente.

Notifíquese esta Opinión *Per Curiam* y Sentencia al señor Matías Balaguer por medio del correo electrónico registrado en el Registro Único de Abogados y Abogadas y personalmente a través de la Oficina del Alguacil de este Tribunal.

Se dictará Sentencia en conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Adolfo Matías Balaguer                 AB-2025-0079
     (TS-20,187)

SENTENCIA

En San Juan, Puerto Rico, a 6 de marzo de 2026.

Por los fundamentos antes expuestos en la Opinión *Per Curiam* que antecede, la cual se hace formar parte de esta Sentencia, decretamos la suspensión inmediata e indefinida del ejercicio de la abogacía y la notaría del Lcdo. Adolfo Matías Balaguer. Como consecuencia, se le impone el deber de notificar a todos sus clientes sobre su inhabilidad para continuar representándoles. Del mismo modo, se le ordena que devuelva a sus clientes los expedientes de los casos pendientes y cualquier cantidad recibida en honorarios por los servicios no rendidos. Se le impone también la obligación de informar inmediatamente de su suspensión a los foros judiciales y administrativos en los que tenga asuntos pendientes. Por último, acreditará a este Tribunal el cumplimiento con lo aquí ordenado dentro del término de treinta (30) días, contado a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

Por otra parte, se ordena al Alguacil de este Tribunal incautar inmediatamente la obra y el sello notarial del Sr. Adolfo Matías Balaguer y entregarlos al Director de la Oficina de Inspección de Notarías (ODIN) para el correspondiente examen e informe. La fianza notarial queda automáticamente cancelada y se considerará buena y válida por tres años después de su

terminación en cuanto a los actos realizados durante el periodo en que estuvo vigente.

Notifíquese esta Opinión *Per Curiam* y Sentencia al señor Matías Balaguer por medio del correo electrónico registrado en el Registro Único de Abogados y Abogadas y personalmente a través de la Oficina del Alguacil de este Tribunal.

Lo acordó el Tribunal y los certifica el Secretario del Tribunal Supremo.


                                    Javier O. Sepúlveda Rodríguez
                                    Secretario del Tribunal Supremo